953 F.2d 1390
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Clarence WILSON, Plaintiff-Appellant,
v.
CITY OF BERKELEY, et al., Defendants-Appellees.
 Nos. 90-16206, 90-16716.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 28, 1992.*
Decided Feb. 3, 1992.
 
 Before WALLACE, Chief Judge, and SNEED and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Clarence Wilson appeals pro se the district court's partial dismissal pursuant to Fed.R.Civ.P. 12(b)(6) and partial summary judgment in favor of Berkeley police officers and city officials in his civil rights action seeking damages for an allegedly false arrest and for excessive force used during the arrest. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990). We affirm in part, vacate in part, and remand for further consideration of Wilson's excessive force claim.
 
 
 3
 Wilson first contends that he was given only four days to respond to the defendants' motion for summary judgment. Nevertheless, the district court granted Wilson's motion for an extension of time and gave him a total of twenty days to respond. Accordingly, Wilson cannot challenge the summary judgment on the basis that he was given only four days to respond.
 
 
 4
 Wilson next contends that the district court erred by granting summary judgment in favor of the police officers on his first cause of action alleging discrimination by the police, who allegedly arrested him only because he was black. Nevertheless, Wilson's conclusory allegations of discriminatory motive are insufficient to establish a genuine issue of material fact necessary to defeat the defendants' summary judgment motion. See Taylor v. Lizt, 880 F.2d 1040, 1044 (9th Cir.1989).
 
 
 5
 Wilson next contends that the district court erred by granting summary judgment in favor of the police officers' supervisors and city policymakers, who allegedly ratified or were responsible for the allegedly discriminatory behavior of the police officers. Nevertheless, because Wilson did not establish a violation of his rights by the police officers, no supervisory liability attaches to the supervisors. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir.1989). Moreover, respondeat superior liability does not form the basis for supervisory liability. See Jett v. Dallas Independent School Dist., 491 U.S. 701, 738 (1989).
 
 
 6
 Wilson next contends that the district court erred by granting summary judgment to the police officers on his seventh cause of action for false arrest and false imprisonment. Wilson asserts that the police lacked probable cause to arrest and attain him.
 
 
 7
 The parties stipulated to the following facts. On November 22, 1987 at approximately 11 p.m., Wilson was walking briskly in an easterly direction along the median strip of University Avenue in Berkeley carrying a brass candlestick holder in his hand. When he reached the intersection of Seventh Street and University Avenue, he crossed Seventh Street without using the crosswalks and continued on University Avenue's median strip. He crossed Eighth, Ninth, and Tenth Streets in the same fashion until he reached the east side of the intersection of Tenth Street and University Avenue. He then crossed over to the sidewalk on the north side of University Avenue. As he reached the sidewalk, a uniformed Berkeley police officer approached him and asked him to stop and put the candlestick down. After raising the candlestick slightly, Wilson put the candlestick holder down slowly and then "instinctively" ran away from the officer and back into University Avenue. When the police officer tried to subdue him, he struggled continuously until he was subdued by several officers and handcuffed.
 
 
 8
 Given these facts, the district court properly granted summary judgment in favor of the officers on this claim. See McKenzie v. Lamb, 738 F.2d 1005, 1008 (9th Cir.1984). Similarly, to the extent that Wilson's third cause of action for false arrest duplicates his seventh cause of action, the district court properly dismissed the claim.
 
 
 9
 In his third cause of action, Wilson also alleged that the police officers used excessive force when they arrested him. On appeal, he argues that the district court erred by granting summary judgment in favor of the defendants, who never moved for summary judgment or for dismissal of this claim. This argument has merit.
 
 
 10
 Wilson claims that during the struggle, the police officers used excessive force, which resulted in injuries to his head and face. He also claims that the police officers injected him with a drug to subdue him. The district court granted summary judgment in favor of the police officers, finding that Wilson had not provided independent evidence either that the force was disproportionate or that he suffered any meaningful injury.
 
 
 11
 Nevertheless, the police officers never moved for summary judgment or dismissal of this issue. Moreover, at the time the district court set the schedule for filing and hearing the summary judgment motion, it set a trial date of August 6, 1990. When the district court granted Wilson's motion for an extension of time to respond to the summary judgment motion, it reset the trial date until December 10, 1990. Accordingly, Wilson expected to go to trial on the excessive force claim and was not required to submit any evidence in support of a claim not challenged in the police officers' summary judgment motion.
 
 
 12
 Even if the district court could sua sponte dismiss the excessive force claim pursuant to Fed.R.Civ.P. 12(b)(6), which we do not decide, dismissal under Rule 12(b)(6) is appropriate only if, construing Wilson's allegations favorably, he "can prove no set of facts which would entitle him to relief." Gibson v. United States, 781 F.2d 1334, 1337 (9th Cir.1986), cert. denied, 479 U.S. 1054 (1987); see Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987) (pro se plaintiffs must be given an opportunity to amend to cure any deficiencies). Furthermore, if matters outside the pleadings are presented to and not excluded by the district court, the court must treat a Rule 12(b)(6) motion as one for summary judgment, and "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed.R.Civ.P. 12(b).
 
 
 13
 Here, we cannot say that Wilson can prove no set of facts that would entitle him to relief. Moreover, the district court relied on matters outside the pleadings without giving Wilson an opportunity to submit evidence in support of his claim. Accordingly, we vacate the district court's summary judgment on the excessive force claim. See Fed.R.Civ.P. 12(b); Gibson, 781 F.2d at 1337. If the police officers move for summary judgment on this claim, Wilson will have the opportunity to proffer evidence supporting his claim of excessive force.[1]
 
 
 14
 Wilson next asserts that the district court erred by granting summary judgment in favor of Berkeley city officials, who allegedly had a policy of encouraging the use of excessive force and failed to adequately train police officers in the use of force. Municipal liability under section 1983 may be imposed only for injuries inflicted pursuant to an official government policy or custom. Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 694 (1978). Municipal liability for inadequate police training arises under section 1983 only if (1) the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact and (2) the training deficiency actually caused the injury. City of Canton v. Harris, 489 U.S. 378, 387-92 (1989); Perez v. Simmons, 884 F.2d 1136, 1142 (9th Cir.1989). The district court properly determined that Wilson's proffered evidence did not preclude summary judgment in favor of the city officials on this claim. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Taylor, 880 F.2d at 1044.
 
 
 15
 We also affirm the district court's summary judgment in favor of the defendants on Wilson's state malicious prosecution claim. See Cal.Gov't Code § 821.6 ("[a] public employee is not liable for injury caused by his instituting or prosecuting any judicial ... proceeding within the scope of his employment, even if he acts maliciously and without probable cause"). We vacate, however, the district court's dismissal of Wilson's remaining pendant state tort claims because we vacate the district court's summary judgment on the excessive force claim. Although dismissal of pendant state claims is appropriate if all federal claims are dismissed, see Cook, Perkiss & Liehe, Inc. v. Northern Cal. Collection Serv. Inc., 911 F.2d 242, 247 (9th Cir.1990), the district court should reexamine its dismissal of the pendant state claims if federal claims are remanded, see Swanson v. Southern Oregon Credit Serv., Inc., 869 F.2d 1222, 1229 (9th Cir.1988).
 
 
 16
 AFFIRMED in part, VACATED in part, and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Wilson's request for oral argument is denied
 
 
 **
 The parties consented to have the entire case heard before a magistrate judge pursuant to 28 U.S.C. § 636(c)(1)
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Wilson contends that the district court excluded his medical records, which he refers to as exhibit 28, as inadmissible. The district court did sustain the defendants' objection to exhibit 28. The parties' joint pretrial statement, however, lists exhibit 28 as a letter dated May 17, 1990 from the defendants' attorney to Wilson regarding Wilson's motion to discover personnel complaints. The defendants objected to the exhibit as irrelevant, and the district court granted the motion. Wilson's medical records are listed as Exhibit 15, and no objection to their admissibility apparently was made by the defendants. The district court should be able to clear up any confusion as to this issue on remand