[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action pursuant to 42 U.S.C. § 1983 claiming excessive force in the making of an arrest. The defendant police officer, Ronald Suraci, moves for summary judgment. CT Page 5929
The plaintiff was arrested by the defendant pursuant to a warrant for violation of a restraining order and threatening. The defendant handcuffed the plaintiff's hands behind his back, in accordance with the policy of the Branford police department, and put him in the back of his police car. The defendant claims that he double-locked the handcuffs and that the plaintiff "did not complain that he was injured or about the manner in which the handcuffs were applied." The plaintiff, who was not resisting arrest, claims that the handcuffs were too tight as soon as they were put on him and that he so advised the defendant who refused to loosen them. There is a genuine issue of material fact as to whether the plaintiff informed the defendant of this at that time; if so, the defendant, according to the plaintiff, refused to loosen the cuffs. While he was in the defendant's police car, the plaintiff attempted to move his hands from behind him to in front of him. He claims that he attempted this to relieve the discomfort.
While the plaintiff was still at the scene in the defendant's police car, Officer Michael Bonfiglio arrived as back-up officer. He observed the defendant's "handcuffed wrists down by his ankles. It appeared that Mr. Nelson was trying to get his arms under his feet and to the front of his body. However, it appeared he got his wrists caught up with his feet." According to Officer Suraci, "although [the plaintiff] complained about being arrested, he had not complained to me about the handcuffs being to[o] tight or that his wrists hurt."
The plaintiff was transported to police headquarters. He claims that he repeatedly told the defendant during transport and at police headquarters that the handcuffs were too tight and that the defendant refused to loosen them.
The plaintiff claims that the tightness of the handcuffs broke the skin of his wrists and caused bleeding. According to his doctor's record, the handcuffs were on the plaintiff for thirty minutes before they were removed. The plaintiff, however, did not obtain medical care for five days. At that time, a physician diagnosed contusion to both wrists and to the bilateral radial nerves.
A claim that a police officer has used excessive force in the course of an arrest is analyzed under the reasonableness standard of the Fourth Amendment. Graham v. Connor, 490 U.S. 386. 395,109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). "Because `[t]he test of CT Page 5930 reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application,' Bell v. Wolfish,441 U.S. 520, 559, 99 S.Ct. 1861, 1884, 60 L.Ed.2d 447 (1979), however, its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight. Tennessee v. Garner, 471 U.S. at 8-9,105 S.Ct. at 1699-1700 [85 L.Ed.2d 1, 7-8 (1985)] (the question `is whether the totality of the circumstances justifie[s] a particular sort of . . . seizure')." Graham v. Connor, supra,490 U.S. 396. It cannot be said with certainty that any of these factors were present here. For this reason and because there are questions of fact as to whether, when and how many times the plaintiff requested that the handcuffs be loosened, it cannot be said that the defendant's actions were reasonable as a matter of law. See Hansen v. Black, 885 F.2d 642, 645 (9th Cir. 1989) (unreasonably injuring an arrestee's wrists while applying handcuffs constitutes use of excessive force; significantly, witness testified that the handcuffs were applied "roughly" and "abusively" and arrestee was treated at medical center for bruises on wrist and upper arm, and pain in little finger and upper arm).
For the same reasons, and even considering the affidavit of Reginald Allard, Jr., an instructor at the Connecticut Police Training Academy, it cannot be said as a matter of law that the defendant is entitled to qualified immunity. "[A] defendant is entitled to summary judgment on qualified immunity grounds when no reasonable jury, looking at the evidence in the light most favorable to, and drawing all inferences most favorable to, the plaintiffs, could conclude that it was objectively unreasonable for the defendant to believe that he was acting in a fashion that did not clearly violate an established federally protected right." (Internal quotation marks omitted.) Thomas v. Roach,165 F.3d 137, 143 (2d Cir. 1999); see Palmer v. Sanderson,9 F.3d 1433, 1436 (9th Cir. 1993)
Finally, while some courts hold that the lack of severity of a plaintiff's injury may impair a cause of action under 43 U.S.C. § 1983, in Robinson v. Via, 821 F.2d 913, 924 (2d Cir. 1987), the Second Circuit held that "[i]f force used was unreasonable and excessive, the plaintiff may recover even if the injuries inflicted were not permanent or severe." The Connecticut Supreme CT Page 5931 Court has stated that in the analysis of 42 U.S.C. § 1983 claims, the decisions of the Second Circuit are entitled to great weight;Red Maple Properties v. Zoning Commission, 222 Conn. 730, 739
n. 7, 610 A.2d 1238 (1992); although they are not strictly binding. Kelley Property Development, Inc. v. Lebanon,226 Conn. 314, 329 n. 20, 627 A.2d 909 (1993). The federal district court cases which the defendant cites and which appear to run counter to Robinson v. Via, supra, are not analytically persuasive.
For these reasons, the defendant's motion for summary judgment is denied.
Bruce L. LevinJudge of the Superior Court