Paul C. DURRELL, Plaintiff—
Appellant,

v.

K. TORREY, Correctional Officer
at SRCI; et al., Defendants—
Appellees.

No. 02–35388.

United States Court of Appeals,
Ninth Circuit.

Submitted June 9, 2003.*

Decided June 18, 2003.

Before: RYMER, THOMAS and
SILVERMAN, Circuit Judges.

MEMORANDUM **

Oregon state prisoner Paul C. Durrell appeals pro se the district court's judgment for defendants in his 42 U.S.C. § 1983 action alleging he was assaulted by two corrections officers during transport to his cell in the disciplinary segregation unit. We have jurisdiction pursuant to 28 U.S.C. § 1291. Following a bench trial, we review the district court's findings of fact for clear error and its conclusions of law de novo. *Troutt v. Colorado W. Ins. Co.*, 246 F.3d 1150, 1156 (9th Cir.2001). We review the district court's grant of partial summary judgment de novo, *Barnett v. Centoni*, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we affirm.

Durrell contends the district court erred by dismissing his claim alleging that Officer Henning failed to investigate his complaint that he was assaulted. We disagree. The district court properly granted summary judgment on this claim because Durrell did not raise a triable issue as to Henning's personal involvement in, or causal connection to, the alleged use of excessive force. *See Hansen v. Black,* 885 F.2d 642, 646 (9th Cir.1989).

Contrary to Durrell's arguments on appeal, the record supports the district court's conclusion that defendants Torrey and Novotny used a minimal amount of

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

force in good faith to maintain discipline and did not act maliciously or sadistically with the intent to cause harm. *See Hudson v. McMillian,* 503 U.S. 1, 7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). We will not disturb the district court's findings based solely on Durrell's belief that Torrey and Novotny were not credible. *See Nichols v. Azteca Restaurant Enters., Inc.,* 256 F.3d 864, 871 (9th Cir.2001) (stating that factual findings which rest on credibility determinations are given "even greater deference").

Durrell further contends that the district court abused its discretion by denying his request to call inmates Bailey and Keller to testify as eyewitnesses to the alleged assault. While the record is not clear that such request was ever made or denied, Durrell was not prejudiced by any denial because Bailey and Keller's version of events was set forth in affidavits which were reviewed by the district court. *See Janes v. Wal-Mart Stores, Inc.,* 279 F.3d 883, 886 (9th Cir.2002) (explaining that reversal based on an erroneous evidentiary ruling requires showing that district court abused its discretion and that the error was prejudicial).

Finally, the district court did not abuse its discretion by denying Durrell's motions for appointment of counsel because Durrell did not show exceptional circumstances. *See Terrell v. Brewer,* 935 F.2d 1015, 1017 (9th Cir.1991).

Durrell's remaining contentions lack merit.

**AFFIRMED.**

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.