Kathleen HANSEN, Plaintiff–Appellant,

v.

Ronald L. BLACK, et al.,
Defendants–Appellees.

No. 87–4431.

United States Court of Appeals,
Ninth Circuit.

Submitted June 7, 1989 *.

Decided Sept. 19, 1989.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Kathleen Hansen, Pocatello, Idaho, pro se.

Charles Johnson III, Pocatello, Idaho, for defendants-appellees.

Before SCHROEDER, BEEZER and BRUNETTI, Circuit Judges.

BRUNETTI, Circuit Judge:

Appellant Kathleen Hansen appeals pro se from a summary judgment entered against her in a civil rights action brought by her under 42 U.S.C. § 1983 against two Pocatello City Police officers, Officers Russ Wheatley and Ronald Black; the Pocatello City Prosecutor, Nancy Ferris; and the Pocatello City Chief of Police, Norman Probst.

## FACTUAL BACKGROUND

As the district court points out, the police officers' version of the events is different from Hansen's version of the events. The affidavits filed by the police officers state that a robbery occurred at a gas station and that footprints in the snow led from the gas station to Hansen's residence. The officers suspected that one of Hansen's sons was involved in the robbery. Officers Ronald Black and Russ Wheatley were instructed to watch the residence until a search warrant was obtained. At 9:30 a.m., Hansen emerged from the residence carrying two plastic trash bags and walked to the street where the garbage truck had stopped to pick up the trash.

According to the officers, before Hansen put the trash in the truck, they told Hansen to leave the trash bags on the street. Hansen put the trash into the truck, the officers attempted to remove the trash and Hansen then hindered the officers' attempt at removing the trash. Officer Black told Hansen if she didn't stop hindering him she would be arrested. According to the officers, officer Black then asked Hansen if she wanted to be arrested to which she replied that she did and said, "son of a bitch" while looking directly at officer Black. The officers' affidavits do not indicate the proximity of the parties when Hansen stated "son of a bitch." Hansen was then arrested.

According to affidavits filed by Hansen, she did not physically or verbally hinder the officers from removing the garbage bags from the truck. Furthermore, Hansen states that she was never closer than 75 feet from the officers. According to a neighbor's affidavit, Hansen was standing in her driveway and the "two police officers were in the neighbor's driveway up the hill." One garbageman was between Hansen and the officers. Hansen states that she was standing in front of "her mounds of undiscarded garbage when she said 'son of a bitch.'" Hansen alleges that she addressed the remark at the garbage and not at the police officers and that she was not close to the officers when she made the remark.

## DISCUSSION

### STANDARD OF REVIEW

We review the district court's grant of summary judgment de novo. *Salgado v. Atlantic Richfield Co.*, 823 F.2d 1322, 1324 (9th Cir.1987). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there is a genuine issue as to any material fact and, if not, whether the moving party was entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c).

The plain language of Rule 56(c) mandates that the moving party is entitled to judgment as a matter of law when the

nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The responding party "may not rest upon the mere allegations or denials of [his] pleading, but ... by affidavits ... must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

After reviewing all briefs, motions, documents and affidavits filed in this action, it does appear that Hansen has presented, via affidavit or otherwise, specific facts sufficient to create a genuine issue of material fact in this action as to the conduct of appellees Wheatley and Black; the district court's grant of summary judgment was therefore improper. Hansen, however, has not presented specific facts sufficient to create a genuine issue of material fact in this case as to the conduct of appellees Probst and Ferris; the district court's grant of summary judgment as to those defendants was therefore proper.

*Police Officers Wheatley and Black*

█ Police officers sued under Section 1983 for false arrest have qualified immunity. *Malley v. Briggs*, 475 U.S. 335, 340, 106 S.Ct. 1092, 1095, 89 L.Ed.2d 271 (1986). Under the standard of *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), an allegation of malice is not sufficient to defeat immunity if the defendant police officer acted in an objectively reasonable manner. The *Harlow* standard is specifically designed "to avoid excessive disruption of government and permit the resolution of many insubstantial claims on summary judgment." *Malley*, 475 U.S. at 341, 106 S.Ct. at 1096.

█ In this case, the police officers are not immune if, on an objective basis, it is obvious that no reasonably competent officer would have concluded that there was probable cause to arrest Hansen for violating City Ordinance § 9.04.060, which provides: "Every person who wilfully resists, delays, or obstructs any police officer or other officer of the municipality in the discharge, or attempt to discharge, [of] any duty of his office, is guilty of [a] misdemeanor. Every person who wilfully molests, insults, maligns, harasses or threatens any police officer ... shall be guilty of a misdemeanor." Pocatello, Idaho Mun. Code § 9.04.060.[1]

As the district court noted, there are questions of fact about whether Hansen physically hindered the performance of the officer; nevertheless, the district court concluded that "there is *no* dispute in the present record that [Hansen] *insulted* and *maligned* the officers. The officers stated in their affidavit that she called them a 'son-of-a-bitch.' Kathleen Hansen admits making this statement in her May 13, 1987, 'rebuttal' at page 3." Memorandum Decision at 5 (emphasis added). The district court erred in this conclusion.

Looking at the evidence from the point of view most favorable to the appellant and assuming its truth, as must be done on this appeal, *Hutchinson v. Grant*, 796 F.2d 288, 290 (9th Cir.1986), Hansen did not insult, malign, harass or threaten the police officers with her remark. Rather, Hansen was disgusted at the "mounds of undiscarded garbage" and directed her remark at the garbage. Thus, a reasonable officer would not have concluded that Hansen had violated the city ordinance.

If the officers' account is believed, a reasonable officer would have concluded that Hansen had directed her remark at the police officers and, therefore, violated the city ordinance prohibiting the abuse of an officer. Because a genuine issue of material fact exists as to whether the officers' actions violated appellant's civil rights, summary judgment for officers Black and Wheatley is precluded.

---

1. Because the appellant raises for the first time on appeal the issue of whether this ordinance is unconstitutionally vague or overbroad, this court need not reach that issue. *See Ackerman v. Western Elect. Co.*, 860 F.2d 1514, 1517 (9th Cir.1988); *McCall v. Andrus*, 628 F.2d 1185, 1187 (9th Cir.1980), 450 U.S. 996, 101 S.Ct. 1700, 68 L.Ed.2d 197 (1981).

*Excessive Force* [2]

Hansen also alleges that officers Black and Wheatley used excessive force in the course of her arrest. The specific constitutional right allegedly infringed by the challenged application of force is the Fourth Amendment's prohibition against unreasonable seizures of the person. This court must analyze this claim under the Fourth Amendment and its reasonableness standard, rather than under a "substantive due process" approach. *Graham v. Connor*, — U.S. —, — – —, 109 S.Ct. 1865, 1871–73, 104 L.Ed.2d 443 (1989).[3]

■■■ "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Graham*, — U.S. at —, 109 S.Ct. at 1871 (internal citations omitted). The "reasonableness" of a particular use of force depends on the "facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* This reasonableness inquiry is "judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight" and is an objective standard. *Id.*

In *Graham*, the Supreme Court rejected the four-part test this court described in *Rutherford v. City of Berkeley*, 780 F.2d 1444, 1446 (9th Cir.1986), stating "[t]hat test, which requires consideration of whether the individual officers acted in 'good faith' or 'maliciously and sadistically for the very purpose of causing harm,' is incompatible with a proper Fourth Amendment analysis." *Graham*, — U.S. at —, 109 S.Ct. at 1872 (internal citations omit-

ted). "The Fourth Amendment inquiry is one of 'objective reasonableness' under the circumstances, and subjective concepts like 'malice' and 'sadism' have no proper place in that inquiry." *Id.* at —, 109 S.Ct. at 1873.

■■ As the district court noted, Hansen states that the handcuffs were put on in an abusive manner and that she was physically injured in the arrest. According to the affidavit of neighbor Linda Barlow, when Hansen turned to go into her garage, one of the officers came over to Hansen and handcuffed her. "It looked like [the policeman] was using unnecessary force and the situation did not warrant such action. When the policeman handcuffed Mrs. Hansen he was rough and abusive to her person and I remember I was upset at the treatment she was receiving." The record indicates that Hansen visited the local medical center for treatment of injuries sustained as a result of the arrest and she had bruises on her wrist and under her upper arm, and she complained of pain in her little finger and upper arm. *See* Marie Anderson affidavit, August 31, 1987, and emergency department record, Pocatello Regional Medical Center, December 29, 1984.

Viewing the facts in a light most favorable to Hansen, the officers used excess force on Hansen by unreasonably injuring her wrist and arm as they handcuffed her. If Hansen is believed, the police officers' actions were objectively unreasonable in light of the facts and circumstances confronting them. Based on the record, the district court improperly granted summary judgment for the officers.

*Chief of Police*

■■■ Hansen alleges that the chief of police is guilty of malfeasance because he didn't properly train or supervise the officers. Under Section 1983, supervisory officials are not liable for actions of subor-

---

**2.** Hansen's claim that the officers' conduct constituted cruel and unusual punishment under the Eighth Amendment is totally without merit. *Smith v. City of Fontana*, 818 F.2d 1411, 1424 (9th Cir.), *cert. denied*, 484 U.S. 935, 108 S.Ct. 311, 98 L.Ed.2d 269 (1987) ("The Eighth Amend-

ment protects only those who have been convicted of a crime.").

**3.** The district court did not have the benefit of *Graham* when it decided this case.

dinates on any theory of vicarious liability. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479, 106 S.Ct. 1292, 1298, 89 L.Ed.2d 452 (1986). A supervisor may be liable if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Thompkins v. Belt*, 828 F.2d 298, 303–04 (5th Cir.1987).

> Supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy "itself is a repudiation of constitutional rights" and is "the moving force of the constitutional violation."

*Id.* at 304 (internal citations omitted).

 Even from the point of view most favorable to Hansen, there is no allegation that the police chief was personally involved in the incident. Nothing the police chief did subsequent to the incident could affect Hansen's liability for the incident. *Hutchinson*, 796 F.2d at 291. In Hansen's complaint, there is a vague allegation that the police chief was involved in a "conspiracy to deprive [Hansen] of her rights." Hansen has failed to present any support for this allegation or to clarify its meaning.

Accordingly, the district court properly granted appellee Probst's motion for summary judgment.

### City Prosecutor

Hansen alleges that the city prosecutor is liable under Section 1983 for charging her with violating Pocatello City Ordinance § 9.04.060(b). "Absolute prosecutorial immunity attaches to the actions of a prosecutor if those actions were performed as part of the prosecutor's preparation of his case...." *Gobel v. Maricopa County*, 867 F.2d 1201, 1204 (9th Cir.1989), quoting *Demery v. Kupperman*, 735 F.2d 1139, 1143 (9th Cir.1984), *cert. denied*, 469 U.S. 1127, 105 S.Ct. 810, 83 L.Ed.2d 803 (1985).

Hansen contends that the prosecutor charged her with violating the city ordinance "in the face of distinct evidence that the plaintiff was guilty of nothing crimi-

nal." Complaint at 3. In her brief, Hansen complains that the prosecutor improperly requested a voluntary dismissal of the charges against her.

The city prosecutor has absolute immunity for the acts Hansen complains about. *Gobel*, 867 F.2d at 1203 ("A prosecutor enjoys absolute immunity when he acts in ... a quasi-judicial capacity.... Quasi-judicial activities are those intimately associated with the judicial phase of the criminal process."). "The intent of the prosecutor when performing prosecutorial acts plays no role in the immunity inquiry." *McCarthy v. Mayo*, 827 F.2d 1310, 1315 (9th Cir. 1987).

The district court properly granted appellee Ferris's motion for summary judgment.

### CONCLUSION

The district court's order granting summary judgment in favor of officers Wheatley and Black is reversed and the district court's order granting summary judgment in favor of the Pocatello City Prosecutor, Nancy Ferris, and the Pocatello City Chief of Police, Norman Probst, is affirmed.

REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.