995 F.2d 235
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Clarence WILSON, Plaintiff-Appellant,
v.
CITY OF BERKELEY, et al., Defendants-Appellees.
 No. 92-16586.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 2, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Clarence Wilson appeals pro se the district court's summary judgment for the City of Berkeley, seven police officers, the Chief of Police and the City Manager in his 42 U.S.C. § 1983 action alleging that police officers used excessive force in arresting him and were negligent in the handling of his urine sample. We have jurisdiction under 28 U.S.C. 1291, and we affirm.
 
 
 3
 In a prior appeal, we upheld the district court's summary judgment in favor of the defendants, in part, and reversed and remanded the district court's summary judgment on Wilson's claims that the police officers used excessive force in arresting him. On remand, the district court heard Wilson's pendant state claims and dismissed them along with the federal claims. See Cook, Perkiss & Liehe, Inc. v. Northern Cal. collection Serv. Inc., 911 F.2d 242, 247 (9th Cir.1990).
 
 
 4
 Defendants ask us to strike Wilson's brief because it does not comply with the briefing standards under Circuit Rule 28.1(a). A pro se appeal, however, "should not be dismissed for failure to comply with the formal requirements of appellate briefs under Fed.R.App.P. 28." Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir.1990). Accordingly, we will construe Wilson's brief liberally and consider the merits of his claim.
 
 
 5
 * Standard of Review
 
 
 6
 We review the district court's grant of summary judgment de novo to determine whether, viewing the evidence in the light most favorable to the non-moving party, there are any issues of material fact and whether the district court correctly applied the substantive law. Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989).
 
 II
 Merits
 A. Admissibility
 
 7
 Generally, only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment. Fed.R.Civ.P. 56(e); Hollingsworth Solderless Terminal Co. v. Turley, 622 F.2d 1324, 1335 n. 9 (9th Cir.1980). Thus, unauthenticated documents cannot be considered in a ruling on a motion for summary judgment. Canada v. Blain's Helicopters, Inc., 831 F.2d 920, 925 (9th Cir.1990). "This court has consistently held that documents which have not had a proper foundation laid to authenticate them cannot support a motion for summary judgment." Id. Nor can such documents be used to defeat a motion for summary judgment. Id.
 
 
 8
 Here, Wilson contends that the district court erred in excluding his urine sample and hospital records as evidence in support of his motion for summary judgment. Wilson alleges that his medical records are admissible under section 803(4) of the Federal Rules of Evidence. Wilson claims that the urine sample, taken on the night of his arrest will support his contention that the urine sample was not his, and that the hospital records will show that he suffered a fracture to his cheekbone and a concussion as a result of excessive force used by the police.
 
 
 9
 The record reveals, however, that in support of his summary judgment motion and in opposing the defendants' motion, Wilson relied on unauthenticated documents that contain hearsay evidence. The documents offer no evidence to support Wilson's claims. Moreover, Wilson offers nothing but his own conclusory statements to support his claims that the documents show he suffered the injuries he alleges.
 
 
 10
 Accordingly, because Wilson's documents are inadmissible, the district court did not err by refusing to consider them in ruling on the summary judgment motion. See Fed.R.Civ.P. 56(e); Canada, 831 F.2d at 925.
 
 B. Excessive force
 
 11
 Wilson contends that the police officers used excessive force by tackling him and injecting him with a tranquilizer during their struggle to subdue him. This contention lacks merit.
 
 
 12
 To determine whether the force used was reasonable under the fourth amendment, the district court must balance "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." Grahm v. Conner, 490 U.S. 386, 396 (1989); Hansen v. Black, 885 F.2d 642, 645 (9th Cir.1989). The balancing requires careful attention to the facts and circumstances of each particular case, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Grahm, 490 U.S. at 396.
 
 
 13
 Here, the record shows that Wilson was attempting to flee a lawful detention and the police tackled and pushed him in an effort to restrain him. There is no indication in the record, however, that the police beat or punched him or that guns were drawn during the attempt to restrain Wilson. The police used reasonable force to restrain Wilson while he was "attempting to evade arrest by flight." See Grahm 490 U.S. at 396.
 
 
 14
 Viewing the evidence in a light most favorable to Wilson, and considering his deposition testimony, the record shows that the officers used reasonable force in making a valid detention and arrest. See Grahm 490 U.S. at 396. Moreover, Wilson has failed to produce sufficient evidence to show that a genuine issue of material fact exists. See Taylor, 880 F.2d at 1044. Accordingly, the district court did not err by granting the defendants' motion for summary judgment. See id.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3