2 F.3d 1156
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard BECKMAN, Plaintiff-Appellee,
v.
Thomas DILLARD, individually, and as a police officer of the
Las Vegas Metropolitan Police Department; Donald Dibble,
individually, and as a police officer of the Las Vegas
Metropolitan Police Department, Defendants-Appellants.
 No. 92-15418.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 15, 1993.
Decided Aug. 12, 1993.
 
 Before: WALLACE, Chief Judge, D.W. NELSON and O'SCANNLAIN, Circuit Judges.
 
 MEMORANDUM
 
 1
 Dillard and Dibble appeal from the district court's denial of their motion for summary judgment in which they asserted qualified immunity as a defense to Beckman's section 1983 action. The district court had jurisdiction under 42 U.S.C. Sec. 1983. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. Sec. 1291. We review a district court's denial of qualified immunity de novo. Act Up!/Portland v. Bagley, 988 F.2d 868, 871 (9th Cir.1993). We reverse.
 
 
 2
 In order to defeat Dillard and Dibble's assertion of qualified immunity, Beckman must show that the "fact-specific constitutional right allegedly violated was clearly established at the time of the incident." Elder v. Holloway, 975 F.2d 1388, 1392 (9th Cir.1991) (Elder ), cert. granted, 61 U.S.L.W. 3868 (U.S. June 28, 1993). This "includes identifying the universe of relevant statutory or decisional law from which the court can determine whether the right allegedly violated was clearly established." Id. at 1393. To meet this burden, Beckman must point to case law, decided prior to his arrest, that clearly established that Dillard and Dibble were required to investigate further the actual validity of a facially valid warrant prior to executing the arrest. Beckman has failed to meet this burden. Beckman's reliance on Bryant v. United States Treasury Dep't, Secret Service, 903 F.2d 717 (9th Cir.1990), is erroneous in light of the Supreme Court's subsequent reversal, see Hunter v. Bryant, 112 S.Ct. 534 (1991). Other cases relied on to show that the right was clearly established are inapposite because they involve warrantless arrests. See, e.g., Kennedy v. Los Angeles Police Dep't, 901 F.2d 702 (9th Cir.1990); Hansen v. Black, 885 F.2d 642 (9th Cir.1989).
 
 
 3
 Because Beckman has failed meet his burden, either before the district court or on appeal, Dillard and Dibble are entitled to qualified immunity as a matter of law and inquiry into the reasonableness of Dillard and Dibble's conduct is not necessary. See Elder, 975 F.2d at 1392. The district court's denial of Dillard and Dibble's motion for summary judgment on qualified immunity was thus in error and must be reversed.
 
 
 4
 REVERSED.