76 F.3d 385
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rebecca ESCATELL; Richard Joseph Escatell, a minor, by and
through his guardian ad litem, Rebecca Escatell,
Plaintiffs-Appellants,
v.
COUNTY OF SAN DIEGO; County of San Diego Sheriffs
Department; Dave Paseman; William Giltner,
Defendants-Appellees.
 No. 94-55838.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 14, 1995.
Decided Jan. 18, 1996.
 
 Before: HUG, BEEZER and KLEINFELD, Circuit Judges:
 
 
 1
 MEMORANDUM*
 
 
 2
 Rebecca Escatell and her son (collectively "Mrs. Escatell") claim that police officers used excessive force when they shot and killed Mrs. Escatell's husband, Richard Escatell. She appeals summary judgment on her claims that defendants violated 42 U.S.C. § 1983 and the California wrongful death statute. The district court granted summary judgment to defendants William Giltner and Dave Paseman (collectively "the officers") on grounds of qualified immunity; because the court found the officers' actions reasonable, it also granted summary judgment for defendants the County of San Diego and the San Diego Sheriff's Department (collectively "county"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part and reverse in part.
 
 
 3
 * A grant of summary judgment is reviewed de novo. Act Up!/Portland v. Bagley, 988 F.2d 868, 871 (9th Cir.1993). A district court's decision on qualified immunity is reviewed de novo. Neely v. Feinstein, 50 F.3d 1502, 1507 (9th Cir.1995). In excessive force cases, unlike other qualified immunity cases, the qualified immunity inquiry is the same as the inquiry made on the merits. Scott v. Henrich, 39 F.3d 912, 914 (9th Cir.1994), cert. denied; 115 S.Ct. 2612 (1995).
 
 
 4
 The Fourth Amendment requires police officers "use only such force as is objectively reasonable under the circumstances." Id. Under both the U.S. Constitution and California law, officers cannot use deadly force unless they have "probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officers or others." Ting v. U.S., 927 F.2d 1504, 1513 (9th Cir.1991) (quoting Tennessee v. Garner, 471 U.S. 1, 3 (1985), and citing Kortum v. Alkire, 69 Cal.App.3d 325, 333 (1977)). Generally, excessive force claims involve questions of fact for a jury. Hervey v. Estes, 65 F.3d 784, 791 (9th Cir.1995).
 
 II
 
 5
 We reverse summary judgment for the officers because we find a genuine issue of material fact exists as to whether they used excessive force in shooting the decedent. The officers state that Mr. Escatell rose from the bed holding a knife with an 8-inch blade, and charged at Paseman. The officers yelled for Mr. Escatell to, "Put it down! Put it down right now!" Two seconds later they shot Mr. Escatell eleven[1] times, killing him. Paseman says that he did not begin shooting until he was backed against the wall.
 
 
 6
 There are genuine issues of material fact which preclude summary judgment for the officers on both the § 1983 and state law claims. A reasonable jury could conclude that the officers used excessive force in shooting the decedent eleven times, especially in light of expert testimony that many of the shots were fired either before the decedent had completely risen or as he was falling to the ground. In addition, the district court erred in finding that the officers as a matter of law waited a reasonable time before shooting the decedent. Although an audio tape of the event indicates that the shots took less than three seconds, and the officers were in a small room with the decedent, the district court erred in finding this conduct was per se reasonable. See, e.g., Barlow v. Ground, 943 F.2d 1132, 1136 (9th Cir.1991) ("Even if the parties agreed on the amount of force that was applied in this case, the question whether that force was reasonable could not properly be resolved on summary judgment."), cert. denied, 505 U.S. 1206 (1992).
 
 
 7
 Mrs. Escatell also argues that the police officers used excessive force in entering the decedent's room and "unreasonably created the situation that they had to shoot their way out of." A claim of excessive force may be based on a showing that the officers "used excessive force in creating the situation which caused [the decedent] to take the actions he did." Alexander v. City and County of San Francisco, 29 F.3d 1355, 1366 (9th Cir.1994), cert. denied, 115 S.Ct. 735 (1995). Because there exist genuine issues of material fact precluding summary judgment for the officers, we do not have to decide whether the officers' actions leading up to the shooting in themselves would be sufficient to preclude summary judgment. See, e.g., Chew v. Gates, 27 F.3d 1432, 1439 n. 3, 1442 (9th Cir.1994) (finding unnecessary to decide whether deadly force was used because the grant of summary judgment on the excessive force claim was reversed and the plaintiff therefore was "free on remand to pursue the deadly force issue fully"), cert. denied, 115 S.Ct. 1097 (1995). At trial, Mrs. Escatell is free to introduce evidence that the officers' actions before the shooting were unreasonable.
 
 III
 
 8
 Because there are genuine issues of fact precluding summary judgment for the officers on the state claims, the doctrine of respondeat superior requires us to reverse summary judgment for the county and sheriff's department on those claims. Mary M. v. City of Los Angeles, 54 Cal.3d 202, 215-16 (1991).
 
 
 9
 We affirm summary judgment for the county and sheriff's department on the § 1983 claims, however, because Mrs. Escatell has not produced any facts showing that the county acted unreasonably in training or supervising the officers.
 
 
 10
 The county will be liable under § 1983 for failure to train the officers "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." Ting v. U.S., 927 F.2d 1504, 1512 (9th Cir.1991) (quoting City of Canton v. Harris, 489 U.S. 378 (1989)). Failure to supervise will constitute a § 1983 violation only if Mrs. Escatell can show the county's own conduct, such as implementing a deficient policy, caused the constitutional deprivation. Hansen v. Black, 885 F.2d 642, 646 (9th Cir.1989). Although Mrs. Escatell's complaint alleged inadequate training and supervision, she has failed at the summary judgment stage to show any facts which would support either theory. Her claims that she has not yet conducted discovery "on the specific issue of adequacy of training of the deputies" is insufficient to defeat summary judgment because she did not move for additional time for discovery. See Fed.R.Civ.P.Rule 56(f).
 
 
 11
 Contrary to Mrs. Escatell's assertions, evidence that the officers acted unreasonably is insufficient to raise an issue of fact about the county's liability. See Fargo v. City of San Juan Bautista, 857 F.2d 638, 643 (9th Cir.1988) (failure to train); Hansen, 885 F.2d at 646 (failure to supervise). The cases Mrs. Escatell cites are distinguishable. See, e.g., Davis v. Mason County, 927 F.2d 1473, 1479 (9th Cir.) (plaintiffs showed a pattern of police misconduct), cert. denied, 502 U.S. 899 (1991); Smith v. City of Fontana, 818 F.2d 1411 (9th Cir.) (motion to dismiss), cert. denied, 484 U.S. 935 (1987); Shaw v. California Department of Beverage Control, 788 F.2d 600 (9th Cir.1986) (motion to dismiss).
 
 IV
 
 12
 We REVERSE the district court's grant of summary judgment for defendants Paseman and Giltner on all claims. We REVERSE summary judgment for the County of San Diego and the Sheriff's Department on the state law claims, and AFFIRM summary judgment for the County of San Diego and Sheriff's Department on the § 1983 claims.
 
 
 13
 The parties shall bear their own costs on appeal.
 
 
 14
 AFFIRMED IN PART, REVERSED IN PART.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Mr. Escatell had eleven bullet wounds, but defendants claim that only ten shots were fired