Sherry STEVENS, Plaintiff–Appellant,

v.

Jean PERRY, an individual in her
official capacity as Dean,
Defendant–Appellee.

No. 99–16500.

D.C. No. CV–97–00101–HDM/RAM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 12, 2000.

Decided Dec. 12, 2000.

Before THOMPSON, O'SCANNLAIN,
and TASHIMA, Circuit Judges.

## MEMORANDUM [1]

Plaintiff–Appellant Sherry Stevens appeals the district court's grant of summary judgment in favor of Defendant–Appellee Jean Perry, Dean of the University of Nevada College of Human and Community Science, on her complaint brought under 42 U.S.C. § 1983 and Title VII. On appeal, Stevens alleges she was terminated from her job at the College under the guise of a resignation as a means to deprive her of due process. She seeks both damages and reinstatement to her position, as well as back pay. We affirm the district court's decision in favor of Perry.

Stevens' counsel conceded at oral argument that Perry is entitled to qualified immunity on the damages claim. Therefore, we consider only the claim for reinstatement and back pay.

 There is no genuine issue of material fact as to whether Stevens was terminated by Perry. The code on her Personnel/Payroll Action Form indicated a resignation, and Stevens waited two years to contend that she had been terminated without a hearing, rather than had re-

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

signed. Furthermore, liability under § 1983 must be based on the personal involvement of the defendant, or on a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Mackinney v. Nielsen,* 69 F.3d 1002, 1008 (9th Cir.1995) (citing *Redman v. County of San Diego,* 942 F.2d 1435, 1446 (9th Cir.1991) (en banc), in turn quoting *Hansen v. Black* 885 F.2d 642, 646 (9th Cir.1989)). Although Stevens may have signed her personnel forms when they were blank, and someone may have altered one of the forms by drawing an arrow from her signature down to the resignation section, Stevens adduced no evidence who that someone is. There is no evidence that Perry had any personal involvement in the decision to treat Stevens' departure as a resignation rather than a termination.

The judgment of the district court is AFFIRMED.