**Michael DELL'ORTO, Plaintiff—Appellee,**

v.

**Greg STARK, individually and as an employee of the Calaveras County Sheriff's Department; Dennis Downum, individually and as the Sheriff of Calaveras County, Defendants—Appellants,**

**and**

**Calaveras County, through its Sheriff's Department, Defendant.**

No. 04–15227.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 2004.

Decided Jan. 12, 2005.

Kenneth M. Foley, Esq., San Andreas, CA, for Plaintiff–Appellee.

Laurence L. Angelo, Esq., J. Scott Smith, Esq., Angelo, Kilday & Kilduff, Sacramento, CA, for Defendants-Appellants.

Before: KOZINSKI, W. FLETCHER and BYBEE, Circuit Judges.

### MEMORANDUM *

1. It is undisputed that Dell'Orto had been drinking, that he was staggering and that Stark smelled alcohol on his breath. In addition, Stark observed Dell'Orto get into his car and place his key in the ignition. *See People v. Lively*, 10 Cal.App.4th 1364, 13 Cal.Rptr.2d 368, 373 (Ct.App.1992) ("An inebriated person behind the wheel of a car . . . poses a greater danger to himself . . . and others than the same person lying on a park bench."). In view of these undisputed facts, and taking the disputed evidence in the light most favorable to Dell'Orto, Stark had probable cause to arrest Dell'Orto for being "in [a] public place under the influence of intoxicating liquor . . . in a condition that he . . . [was] unable to exercise care for his . . . own safety or the safety of others." Cal.Penal Code § 647(f); *see also Mercer v. DMV*, 53 Cal.3d 753, 280 Cal.Rptr. 745, 809 P.2d 404, 409 (1991). The district court thus erred in concluding that Stark was not entitled to summary judgment on Dell'Orto's Fourth Amendment claim. *See Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001) ("If no constitutional right would have been violat-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ed were the allegations established, there is no necessity for further inquiries concerning qualified immunity.").

2. Because the underlying arrest was lawful, Stark was also entitled to summary judgment on Dell'Orto's retaliatory arrest claim. There is no clearly established right to be free from arrest supported by probable cause—regardless of the arresting officer's motivation. *See Whren v. United States,* 517 U.S. 806, 813, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996); *Keenan v. Tejeda,* 290 F.3d 252, 260 (5th Cir.2002); *cf. Saucier,* 533 U.S. at 201–02, 121 S.Ct. 2151.

3. The district court also erred in denying summary judgment for Downum. Because Dell'Orto suffered no underlying constitutional injury, it follows that Downum cannot be liable as a supervisor. *See Hansen v. Black,* 885 F.2d 642, 645–46 (9th Cir.1989) ("A supervisor may be liable if there exists either (1) his ... personal involvement in *the constitutional deprivation,* or (2) a sufficient causal connection between the supervisor's wrongful conduct and *the constitutional violation."* (emphasis added)); *see also Blyden v. Mancusi,* 186 F.3d 252, 265 (2d Cir.1999) ("Of course, for a supervisor to be liable under Section 1983, there must have been an underlying constitutional deprivation.").

The district court should have granted summary judgment for both defendants and dismissed the complaint with prejudice.

REVERSED.