**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KENNETH PEARSON, | No. 12-15036 |
| Plaintiff - Appellant, | D.C. No. 1:11-cv-00072-DLB |
| v. | |
| JAMES A. YATES, Warden, Warden at PVSP; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dennis L. Beck, Magistrate Judge, Presiding[**]

Submitted December 19, 2012[***]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

California state prisoner Kenneth Pearson appeals pro se from the district

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     Pearson consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A for failure to state a claim, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and we affirm.

The magistrate judge properly dismissed the action because Pearson failed to allege facts in his amended complaint sufficient to demonstrate that the defendants acted with deliberate indifference with regard to his treatment for coccidioidomycosis. *See Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (a prison official acts with deliberate indifference only if he or she knows of and disregards an excessive risk to the prisoner's health and safety and a showing of medical malpractice or negligence is insufficient to establish an Eighth Amendment violation); *see also Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (to state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or implemented a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation).

**AFFIRMED.**