**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| SHELLEY VON BRINCKEN; JOHN VON BRINCKEN, <br><br>             Plaintiffs - Appellants, <br><br>   v. <br><br> KEITH ROYAL, in his official and private capacity; et al., <br><br>             Defendants - Appellees. | No. 13-15491 <br><br> D.C. No. 2:12-cv-02599-MCE-CKD <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., Chief Judge, Presiding

Submitted November 18, 2014[**]

Before:    LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Shelley and John von Brincken appeal pro se from the district court's

judgment dismissing their action arising out of foreclosure proceedings. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's

---

   [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

dismissal under Federal Rule of Civil Procedure 12(b)(6), *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005), and we affirm.

The district court properly dismissed the claims against Deputies Grueneberg and Fevinger because they are entitled to absolute quasi-judicial immunity for executing a facially valid court order. *See Engebretson v. Mahoney*, 724 F.3d 1034, 1038-39 (9th Cir. 2013) ("[P]ublic officials who ministerially enforce facially valid court orders are entitled to absolute immunity.").

The district court properly dismissed the claims against Sheriff Royal and the Nevada County Sheriff's Department because the von Brinckens failed to allege facts sufficient to show that Sheriff Royal personally acted to violate their rights, *see Hansen v. Black*, 885 F.2d 642, 645-46 (9th Cir. 1989) ("[S]upervisory officials are not liable . . . on any theory of vicarious liability."), and failed to allege facts sufficient to show that the Nevada County Sheriff's Department has any official policy or custom that caused a violation of their rights, *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

The district court properly dismissed the von Brinckens' claim for violation of the Fair Debt Collection Practices Act because the von Brinckens failed to allege facts sufficient to show that defendants fall within the statutory definition of "debt collector." 15 U.S.C. § 1692a(6) (defining "debt collector"); *Schlegel v. Wells*

*Fargo Bank, NA*, 720 F.3d 1204, 1208-09 (9th Cir. 2013) (plaintiff failed to allege facts sufficient to show that mortgagee was a "debt collector" under 15 U.S.C. § 1692a(6)).

The district court did not abuse its discretion in denying leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and stating that the district court may dismiss without leave to amend when amendment would be futile).

**AFFIRMED.**

13-15491