PREGERSON, J.,
dissenting.
I dissent. Injeyan’s claim of excessive force is not a carbon copy of Meredith, Hansen, Franklin, or Tekle. But these cases, when taken together, provide clear notice that the officer’s conduct would run afoul of the law. See Meredith v. Erath, 342 F.3d 1057, 1061 (9th Cir.2003) (holding it was objectively unreasonable for the officer to grab a woman by the arms, throw her to the ground, and twist her arms while handcuffing her during the execution of a search warrant related to tax evasion crimes); Hansen v. Black, 885 F.2d 642, 645 (9th Cir.1989) (holding the officers used excessive force on Hansen by unreasonably injuring her wrist and arm as they handcuffed her); Franklin v. Foxworth, 31 F.3d 873, 876-77 (9th Cir.1994) (holding that officers acted unreasonably by removing a “gravely ill and semi-naked man from his sickbed without providing any clothing or covering and then [] forcing him to remain sitting handcuffed in his living room for two hours”); Tekle v. United States, 511 F.3d 839, 845-47 (9th Cir.2006) (holding that a reasonable officer would have known that pointing a gun at an unarmed, barefoot, eleven-year-old non-suspect and forcing him to lie face down in his driveway was unreasonable).
Here, the officer was faced with seventy-two-year-old Marilyn Injeyan — a slight woman whom the officer had met the day before, who was not a suspect in the crime, and who readily submitted to the officer’s authority to detain her. Yet, in the face of ready submission, the officer handcuffed Injeyan and wrenched her arms to such a degree that he tore her rotator cuffs. Any reasonable officer would have understood that such force in these circumstances was excessive.
I understand that the Supreme Court has cautioned that we not define clearly established law at a high level of generality. But I am troubled that in a number of cases this caution has become an insurmountable barrier to many righteous claims.