**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEE ARTHUR RICE, II, | No.   15-35010 |
| Plaintiff-Appellee, | D.C. No. 1:13-cv-00441-BLW |
| v. | |
| JANET MURAKAMI, | MEMORANDUM[*] |
| Defendant-Appellant, | |
| and | |
| DALE MOREHOUSE; et al., | |
| Defendants. | |

| | |
|---|---|
| LEE ARTHUR RICE, II, | No.   15-35019 |
| Plaintiff-Appellee, | D.C. No. 1:13-cv-00441-BLW |
| v. | |
| JEFFREY A. HILL and MARK ABERCROMBIE, | |
| Defendants-Appellants, | |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

and

JANET MURAKAMI; et al.,

        Defendants.

---

LEE ARTHUR RICE, II,

        Plaintiff-Appellee,

v.

DALE MOREHOUSE,

        Defendant-Appellant,

NICK SHAFFER,

        Defendant-Appellant,

and

JANET MURAKAMI,

        Defendant,

JOHN DOES, 1-20,

        Defendant,

JEFFREY A. HILL; et al.,

        Defendants.

No.   15-35398

D.C. No. 1:13-cv-00441-BLW

2

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Argued and Submitted October 4, 2016
Portland, Oregon

Before: CLIFTON, MURGUIA, and NGUYEN, Circuit Judges.

Defendant law enforcement officers appeal the district court's denial of their motions for summary judgment on qualified immunity grounds in Plaintiff Lee Arthur Rice, II's 42 U.S.C. § 1983 action alleging excessive force. We have jurisdiction under 28 U.S.C. § 1291. We reverse the denial of qualified immunity as to Officer Janet Murakami and affirm the denial as to the other officers.

The denial of a motion for summary judgment based on qualified immunity is reviewed de novo. *Espinosa v. City & Cnty. of S.F.*, 598 F.3d 528, 532 (9th Cir. 2010). We view the facts and draw all inferences in the light most favorable to the non-moving party to the extent supportable by the record. *Scott v. Harris*, 550 U.S. 372, 381 n.8 (2007). An officer is entitled to qualified immunity unless "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202 (2001), *overruled in part on other grounds by Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

3

Officer Murakami was entitled to summary judgment based on qualified immunity. Rice does not allege that Murakami herself applied excessive force, but rather that she knew or should have known that calling the Code 3 alert "would likely cause others to use excessive force." Rice provided no evidence and cited no support to buttress that claim. Though it is true that a person may be held responsible for the natural consequences of her actions, it is far from established that an officer should have reasonably foreseen that other officers responding to a call would use excessive force, acting in contravention of the Fourth Amendment and the policies, procedures, and training provided them by their respective law enforcement agencies.

The district court did not err in denying summary judgment on qualified immunity grounds for the remaining officers, however, as there were genuine disputes of material fact. There were conflicting versions of what happened that night, and the video of the incident, including what the district court described as "[t]he scrum," was not so clear as to definitively resolve the conflict. It was clearly established at the time of the incident that striking and kneeing a person being arrested who was not physically resisting constituted excessive force. *See, e.g., Palmer v. Sanderson*, 9 F.3d 1433, 1436 (9th Cir. 1993); *Hansen v. Black*, 885 F.2d 642, 645 (9th Cir. 1989); *see also Young v.Cnty. of Los Angeles*, 655 F.3d

4

1156, 1161-68 (9th Cir. 2011)*; Winterrowd v. Nelson*, 480 F.3d 1181, 1186 (9th Cir. 2007). Viewing the evidence in the light most favorable to Rice, a jury could reasonably conclude that Rice was not physically resisting and that the officers applied excessive force on him while he was lying on the ground. Defendants argue that Rice's allegations were not sufficiently supported by evidence, but "[a]ny decision by the district court that the parties' evidence presents genuine issues of material fact is categorically unreviewable on interlocutory appeal." *George v. Morris*, 736 F.3d 829, 834 (9th Cir. 2013) (internal quotation marks omitted). We affirm the denial of summary judgment as to the other officers.

Costs are to be taxed in favor of Defendant-Appellant Murakami in No. 15-35010 and in favor of Plaintiff-Appellee in Nos. 15-35019 & 15-35398.

**REVERSED (No. 15-35010); AFFIRMED (Nos. 15-35019 & 15-35398); and REMANDED.**