**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JONATHAN MICHAEL PLOOF, | No. 16-15239 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-00946-DGC |
| v. | |
| CHARLES L. RYAN, Director of the Arizona Department of Corrections; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted April 11, 2017**

Before: GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Arizona state prisoner Jonathan Michael Ploof appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs. We have jurisdiction under 28

U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cir. 2004). We may affirm on any basis supported by the record. *Enlow v. Salem-Keizer Yellow Cab Co.*, 389 F.3d 802, 811 (9th Cir. 2004). We affirm.

Summary judgment on Ploof's deliberate indifference claim was proper because Ploof failed to raise a genuine dispute of material fact as to whether delays in receiving treatment and medication caused further injury to his heart condition and could be attributed to defendants' alleged failure to implement policies to ensure the timely provision of health care services. *See Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002) (a prisoner alleging that the delay of medical treatment evinces deliberate indifference to a serious medical need must show that the delay led to further injury); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) ("Supervisory liability exists . . . if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." (citation and internal quotation marks omitted)).

To the extent that Ploof alleged that the failure to provide him with a cardiac diet evinces deliberate indifference to his heart condition, the district court properly granted summary judgment because Ploof failed to raise a genuine dispute of material fact as to whether Ploof's diet was inadequate or the result of any policy or practice implemented by defendants. *See Mendiola–Martinez v. Arpaio*, 836 F.3d 1239, 1259 (9th Cir. 2016) ("The Eighth Amendment requires only that

16-15239

prisoners receive food that is adequate to maintain health." (citation and internal quotation marks omitted)); *Hansen*, 885 F.2d at 646.

The district court did not abuse its discretion in denying Ploof's motion to continue summary judgment and request for additional time to conduct discovery because Ploof did not "show[] by affidavit or declaration" that he was unable to "present facts essential to justify" his opposition to defendants' motion for summary judgment. Fed. R. Civ. P. 56(d); *see also Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006) (setting forth standard of review and explaining that the party seeking a continuance must identify the "specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment").

We reject as without merit Ploof's contention that the district court erred in declining to consider Ploof's incorporation by reference of entire documents in his opposition to summary judgment.

**AFFIRMED.**