**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JESSICA PETERSON, | No. 20-35203 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-01702-IM |
| v. | |
| MARSHA MCCORKHILL; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Karin J. Immergut, District Judge, Presiding

Submitted June 9, 2021**
Portland, Oregon

Before: WARDLAW, TALLMAN, and HURWITZ, Circuit Judges.

Jessica Peterson, an Oregon state prisoner, asserted claims under 42 U.S.C. § 1983 against several officials of the Coffee Creek Correctional Facility after Correctional Officer Edgar Mickles sexually abused her. Peterson obtained a default judgment against Mickles, but the district court entered summary judgment in favor

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of the remaining defendants.  We affirm.

1.     The district court did not abuse its discretion by declining to take judicial notice of three civil cases alleging abuse at Coffee Creek.  Because the civil cases were either dismissed or settled, there were no adjudicative facts either "generally known within the trial court's territorial jurisdiction" or possessing accuracy that could not "reasonably be questioned."  Fed. R. Evid. 201(b); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001).

2.     The district court did not abuse its discretion by declining to take judicial notice of various criminal prosecutions and news articles.  Judicial notice is required only "if a party requests it and the court is supplied with the necessary information."  Fed. R. Evid. 201(c)(2).  Peterson supplied no evidence of the judgments for which she sought judicial notice, nor did she make any request for judicial notice of specific adjudicative facts in those cases.  She also identified no articles for which judicial notice was sought.

3.     The district court did not abuse its discretion in declining to consider a deposition transcript excerpt lacking the reporter's certification.  *See Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 774 (9th Cir. 2002); *Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 925 (9th Cir. 1987).  In any event, the exclusion of the deposition transcript excerpt did not prejudice Peterson.  She asserts the transcript was "corroborating evidence" of the absence of cameras in the Programs Building, where

the abuse occurred. But, the district court found that Peterson had already established that through her own declaration.

4. Peterson's challenge to the summary judgment on her Eighth Amendment failure-to-supervise claim fails. Peterson first contends that Correctional Corporal Robert Nelson, who walked in on Mickles and Peterson on one occasion, was liable for failing to report the sexual activity he witnessed. But Peterson provided no evidence that Nelson had official supervisory authority over Mickles; nor did she provide evidence that Nelson induced Mickles to violate her constitutional rights. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 916 (9th Cir. 2012) (en banc).[1]

5. Peterson also claims that some of the defendants were liable for failing to place surveillance cameras in the Programs Building. But Peterson failed to provide evidence that these defendants either were personally involved in or were responsible for any action or omission that led to the assault. *See Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074–75 (9th Cir. 2013). The mere fact that some defendants had responsibility for facility security did not preclude summary judgment. *See Hansen v. Black*, 885 F.2d 642, 645–46 (9th Cir. 1989);

---

[1] We decline to reach Peterson's argument, raised for the first time on appeal, that Nelson could be liable for failing to intercede when a fellow officer violates the constitutional rights of a suspect or other citizen. *See Tibble v. Edison Int'l*, 843 F.3d 1187, 1193 (9th Cir. 2016) (en banc).

*Felarca v. Birgeneau*, 891 F.3d 809, 820 (9th Cir. 2018).

6.    Peterson argues that the district court ignored evidence supporting supervisory liability of Lieutenant Lester Kiser, Mickles' direct supervisor.  But Peterson offered no evidence that Kiser was "personally involved in the constitutional deprivation" or that there was "a sufficient causal connection" between his actions or omissions and Mickles' conduct.  *Lemire*, 726 F.3d at 1074–75 (quoting *Lolli v. Cnty. of Orange*, 351 F.3d 410, 418 (9th Cir. 2003)).

**AFFIRMED.**