NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 16 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAVID G. HENRY,

        Plaintiff - Appellant,

v.

RON KOMAROVSKY, Police
Officer; BRYNN CELLAN, Police
Officer; CITY OF TACOMA,

        Defendants - Appellees.

No. 24-3014

D.C. No.
3:22-cv-05523-TMC

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Tiffany M. Cartwright, District Judge, Presiding

Submitted January 16, 2026**

Before: PAEZ, BENNETT, and SUNG, Circuit Judges.

David Henry appeals from the district court's entry of summary judgment in

his 42 U.S.C. § 1983 action alleging constitutional violations arising from his 2021

arrest. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *see Lowry*

---

    *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*v. City of San Diego*, 858 F.3d 1248, 1254 (9th Cir. 2017) (en banc), and we affirm.

1.     On January 6, 2021, David Henry caused a traffic collision at an intersection in Tacoma, Washington. Tacoma Police Officers Ron Komarovsky and Brynn Cellan responded to the scene. Many of the relevant events are captured on Officer Komarovsky's body-worn camera. Witnesses told the officers that they saw Henry run a red light and collide with another vehicle, which was passing through a green light on the intersecting road.

When Officer Komarovsky questioned Henry, Henry provided inconsistent answers about where he was coming from and his cannabis use. When Officer Komarovsky asked Henry about his cannabis use, Henry removed an unopened cartridge of THC fluid from his pocket. Henry struggled to keep his balance on field sobriety tests, but a preliminary breath test showed his blood alcohol content was 0.00. Officer Komarovsky then told Henry he was under arrest for driving under the influence, placed him in handcuffs, read him his *Miranda* rights, and escorted him to the patrol car.

Officer Komarovsky applied for, and a Pierce County Superior Court judge authorized, a search warrant to draw a blood sample. Officer Komarovsky drove Henry to a hospital for the blood test, and then to Pierce County Jail. Henry stayed at the jail overnight and appeared in Tacoma Municipal Court the next day, January 7. The court found probable cause for the driving under the influence charge. But

the blood test results showed insufficient levels to report active THC in Henry's blood, so the charge against Henry was dismissed with prejudice on December 17, 2021.

2.     Henry sued Officer Komarovsky, Officer Cellan, and the City of Tacoma under 42 U.S.C. § 1983.  He alleged an illegal search and seizure, false arrest, false imprisonment, malicious prosecution, and excessive force.  The district court entered summary judgment for the defendants, and Henry now appeals.

3.     The district court properly granted summary judgment on the illegal search and seizure claims.  After hearing from witnesses that Henry caused the collision by driving through a red light and hitting a car that had the right of way, Officer Komarovsky had, at the very least, reasonable suspicion that justified his stopping and questioning Henry.  *See United States v. Valdes-Vega*, 738 F.3d 1074, 1078 (9th Cir. 2013) (en banc) ("Officers . . . may conduct 'brief investigatory stops' without violating the Fourth Amendment 'if the officer's action is supported by reasonable suspicion to believe that criminal activity may be afoot.'" (quoting *United States v. Arvizu*, 534 U.S. 266, 273 (2002))); *id.* ("The reasonable-suspicion standard is not a particularly high threshold to reach.").  And a Pierce County Superior Court judge found that probable cause supported the search warrant to draw a blood sample.

Henry contends that Officer Komarovsky obtained this search warrant only

by omitting material information—that the cartridge of THC fluid he possessed was unopened and that one witness incorrectly stated that Henry went around another car to run the red light. But for a claim of judicial deception to survive summary judgment, Henry must show that the officers "deliberately or recklessly made false statements or omissions that were material to the finding of probable cause." *Ewing v. City of Stockton*, 588 F.3d 1218, 1223 (9th Cir. 2009) (quoting *KRL v. Moore*, 384 F.3d 1105, 1117 (9th Cir. 2004)). Materiality requires a showing that the judge "would not have issued the warrant with false information redacted, or omitted information restored." *Lombardi v. City of El Cajon*, 117 F.3d 1117, 1126 (9th Cir. 1997).

The facts that Henry points to are not material. Even if the warrant application were supplemented with the omitted information, Officer Komarovsky still had, and would have provided to the judicial officer, the following information when he sought the search warrant: (1) witness testimony that Henry caused a collision by driving through a red light; (2) Henry's inconsistent answers to questions about his cannabis use; (3) Henry's poor performance on field sobriety tests; (4) a preliminary breath test result showing Henry's blood alcohol content was 0.00; and (5) an unopened cartridge of THC fluid found in Henry's pocket. These facts established probable cause to obtain a blood sample via a search warrant, so Henry has failed to demonstrate a constitutional violation occurred in obtaining his blood sample. *See*

4

24-3014

*Bravo v. City of Santa Maria*, 665 F.3d 1076, 1084 (9th Cir. 2011) ("If probable cause remains after amendment [of the warrant application], then no constitutional error has occurred.").

Henry also presses that Officer Komarovsky only began investigating him because of racial profiling. But "[s]ubjective intentions play no role" in the Fourth Amendment analysis. *Whren v. United States*, 517 U.S. 806, 813 (1996). And to the extent that Henry intended to raise an equal protection claim for selective enforcement of the law, he has failed to come forward with evidence establishing that the officers' conduct had both a discriminatory purpose and a discriminatory effect. *See Rosenbaum v. City & County of San Francisco*, 484 F.3d 1142, 1152–53 (9th Cir. 2007).

4. The district court properly granted summary judgment on Henry's false arrest, false imprisonment, and malicious prosecution claims. "To prevail on his § 1983 claim for false arrest and imprisonment, [Henry] would have to demonstrate that there was no probable cause to arrest him." *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (per curiam). So too with his malicious prosecution claim. *See Lassiter v. City of Bremerton*, 556 F.3d 1049, 1054–55 (9th Cir. 2009) ("[P]robable cause is an absolute defense to malicious prosecution."). But the undisputed evidence shows that Officer Komarovsky had probable cause to arrest Henry for driving under the influence of cannabis in violation of Washington

law. *See United States v. Hamilton*, 131 F.4th 1087, 1094 (9th Cir. 2025) ("Probable cause justifying a warrantless arrest exists where, 'under the totality of the facts and circumstances known to the arresting officer, a prudent person would have concluded that there was a *fair probability* that the suspect had committed a crime.'" (quoting *United States v. Struckman*, 603 F.3d 731, 739 (9th Cir. 2010))); Wash. Rev. Code § 46.61.502; *see also id.* § 10.31.100(3)(d), (16)(a). The existence of probable cause thus bars these claims.

5.     The district court properly granted summary judgment on Henry's excessive force claims. Henry asserts that the police officers used excessive force in violation of the Fourth Amendment when (1) Officer Komarovsky placed the handcuffs too tightly and shook Henry by the handcuffs; (2) both officers pushed Henry against the patrol vehicle; and (3) Officer Komarovsky threatened to kill Henry. We analyze Fourth Amendment excessive force claims under the "objective reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 388 (1989).

*First*, an excessive force claim based on handcuffing can survive summary judgment when the plaintiff presents medical evidence to support their claim or contends the officer ignored complaints that their handcuffs were too tight. *See, e.g.*, *Hansen v. Black*, 885 F.2d 642, 645 (9th Cir. 1989); *Wall v. County of Orange*, 364 F.3d 1107, 1109–10, 1112 (9th Cir. 2004); *Palmer v. Sanderson*, 9 F.3d 1433, 1434, 1436 (9th Cir. 1993); *LaLonde v. County of Riverside*, 204 F.3d 947, 952, 960 (9th

Cir. 2000). By contrast, a plaintiff's mere allegations that handcuffs caused him injury, unsupported by medical records or other evidence, are insufficient to establish that the amount of force used was objectively unreasonable. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001). Henry has not presented medical or other evidence of the purported tight handcuffing and shaking, and he has not alleged that he suffered any physical injury from the handcuffs nor that he told the officers he was in pain. Because the evidence is insufficient to allow a factfinder to conclude that the amount of force used was unreasonable, the district court did not err in granting summary judgment on the claims that Officer Komarovsky used excessive force in tightening or shaking Henry's handcuffs.

*Second*, the video evidence confirms that there is no genuine dispute of material fact over whether officers used excessive force by pushing Henry against the patrol car. The body-worn camera video never shows either officer violently shoving Henry against the vehicle or otherwise using more than minimal force to secure him. The officers are thus entitled to summary judgment on this claim. *See Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."); *Lowry*, 858 F.3d at 1256 ("Because

there are no genuine issues of material fact and 'the relevant set of facts' has been determined, the reasonableness of the use of force is 'a pure question of law.'" (quoting *Scott*, 550 U.S. at 381 n.8)).

*Third*, Henry claims that Officer Komarovsky used excessive force by threatening to kill Henry when he said he would "get a bunch of cops here and it [would] become[] a whole lot worse" if Henry did not put on his shoes. Placed in the context of the parties' entire interaction, which is captured on video, *see Scott*, 550 U.S. at 380–81, this comment cannot reasonably be interpreted as a threat to kill Henry. And Henry has not pointed to any precedent that this type of statement, standing alone, can constitute excessive force in violation of the Fourth Amendment. As a result, Henry has failed to demonstrate that Officer Komarovsky's comment amounted to a constitutional violation.

6. Because Henry cannot prove that he suffered a constitutional injury, his claims against the City of Tacoma fail. *See Fairley v. Luman*, 281 F.3d 913, 917 (9th Cir. 2002) (per curiam).

7. On appeal, Henry urges that his due process rights were also violated because the district court's handling of the summary judgment proceedings reflected judicial bias. We reject Henry's contentions of judicial bias as unsupported by the record. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings

alone almost never constitute a valid basis for a bias or partiality motion.").

**AFFIRMED.**