Thomas G. NAUMAN, Plaintiff,

v.

Paul BUGADO; County of Hawaii, and John Does 1–10, Defendants.

No. CIV. 04–00392DAE–LEK.

United States District Court, D. Hawai'i.

June 17, 2005.

Eric A. Seitz, Lawrence I. Kawasaki, A Law Corporation, Honolulu, HI, for Thomas G. Nauman, plaintiff.

Brandon A.K. Gonzalez, Office of the Corporation, Counsel Big Island, Hilo, HI, Harry P.N.S. Freitas, Office of the Prosecuting Attorney, Hilo, HI, for Paul Bugado, Hawaii, County of, John Does 1–10, defendants.

*ORDER DENYING WITHOUT PREJUDICE DEFENDANT COUNTY OF HAWAII'S MOTION FOR SUMMARY JUDGMENT; ORDER DENYING DEFENDANT PAUL BUGADO'S MOTION FOR SUMMARY JUDGMENT*

DAVID ALAN EZRA, Chief Judge.

The Court heard Defendants' Motions on June 17, 2005. Eric A. Seitz, Esq., appeared at the hearing on behalf of Plaintiff; Corporation Counsel Deputy Brandon A.K. Gonzalez appeared at the hearing on behalf of Defendants Paul Bugado and County of Hawaii. After reviewing the motion and the supporting and opposing memoranda, the Court DENIES WITHOUT PREJUDICE Defendant County of Hawaii's Motion for Summary Judgment, and DENIES Defendant Paul Bugado's Motion for Summary Judgment.

## BACKGROUND

Plaintiff Thomas G. Nauman has sued Defendants County of Hawaii and Police Officer Paul Bugado pursuant to 42 U.S.C. § 1983, asserting that his constitutional rights were violated when Defendant Bugado arrested Plaintiff using excessive force, which resulted in injuries to his shoulder.

On or about the evening of December 11, 2002, Plaintiff was detained by a loss prevention officer of KTA Super Stores Waimea, who claimed to have observed Plaintiff shoplifting two koa-cased lighters, a koa box, and a pocket guide of the Big Island from a KTA Super Stores location. The loss prevention officer called the police department, and Defendant Bugado responded to the call. Defendant Bugado

and Plaintiff had not had any contact prior to this incident. Plaintiff is six feet two inches tall and weighed approximately two hundred and forty pounds at the time; Defendant Bugado is five feet seven inches tall and weighed approximately one hundred ninety pounds at the time.

Defendant Bugado alleges that when he arrived at the scene, Plaintiff was creating a disturbance and speaking loudly and angrily. Plaintiff denies this allegation. Plaintiff removed the allegedly stolen items from his pockets and admitted that they were in his possession, but asserted that he paid for the items. Defendant Bugado repeatedly asked Plaintiff if he stole the items from the store, and Plaintiff repeatedly denied that he did. Defendant asked for Plaintiff's receipt, and Plaintiff stated he could not remember what he did with it. Defendant alleges that Plaintiff became louder and more agitated during the confrontation, and would not listen to Defendant, but rather repeatedly attempted to shout over Defendant's attempts to speak with him. Plaintiff denies this allegation.

After approximately a half an hour, Defendant Bugado arrested Plaintiff. Defendant Bugado asserts that he handcuffed Plaintiff behind his back without incident, and that at no time before or after the handcuffing did Plaintiff complain about his shoulder problems. Defendant also asserts that Plaintiff did not complain of any pain or injury at any time while he was being processed for shoplifting/theft in the fourth degree at the Waimea Police Station.

Plaintiff on the other hand contends that prior to his handcuffing, he repeatedly warned Defendant Bugado that he had a prior shoulder injury and had surgery on his shoulder, and therefore could not place his hands behind his back. He states that he repeatedly asked Defendant Bugado to handcuff him with his hands in the front.

He asserts that Defendant Bugado did not respond to his requests, and handcuffed him with his hands behind his back anyway. He states that only after Defendant Bugado observed him in obvious pain, as his knees were buckling, did Defendant readjust his handcuffs so that his hands were placed in front of him. Plaintiff maintains that by forcing his hands behind his back, Defendant has caused him lasting pain and injury. Plaintiff also contends that he has been informed by his treating physicians that he will require additional surgery on his shoulder to repair this injury.

Plaintiff continues to assert that he is innocent of shoplifting.

Plaintiff has stipulated that Defendant Bugado conducted himself in a business-like manner while interacting with Plaintiff at the scene, and that Plaintiff's claim is premised only on Bugado's actions in handcuffing Plaintiff's hands behind his back.

On June 29, 2004, Plaintiff filed the instant complaint against Defendants Paul Bugado and County of Hawaii. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, claiming that Defendant Bugado violated his constitutional rights by using excessive force during his arrest, and that Defendant County is liable for failure to properly train or supervise Defendant Bugado.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be entered when:

> [T]he pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(c). The moving party has the initial burden of demonstrating for the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970)). However, the moving party need not produce evidence negating the existence of an element for which the opposing party will bear the burden of proof at trial. *Id.* at 323, 106 S.Ct. 2548.

Once the movant has met its burden, the opposing party has the affirmative burden of coming forward with specific facts evidencing a need for trial. Fed.R.Civ.P. 56(e). The opposing party cannot stand on its pleadings, nor simply assert that it will be able to discredit the movant's evidence at trial. *See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n,* 809 F.2d 626, 630 (9th Cir.1987); Fed.R.Civ.P. 56(e). There is no genuine issue of fact "where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citation omitted).

■ A material fact is one that may affect the decision, so that the finding of that fact is relevant and necessary to the proceedings. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A genuine issue is shown to exist if sufficient evidence is presented such that a reasonable fact finder could decide the question in favor of the nonmoving party. *Id.* The evidence submitted by the nonmovant, in opposition to a motion for summary judgment, "is to be believed, and all justifiable inferences are to be drawn in [its] favor." *Id.* at 255, 106 S.Ct. 2505. In ruling on a motion for summary judgment, the court must bear in mind the actual quantum and quality of proof necessary to support liability under the applicable law. *Id.* at 254, 106 S.Ct. 2505. The court must assess the adequacy of the nonmovant's response and must determine whether the showing the nonmovant asserts it will make at trial would be sufficient to carry its burden of proof. *See Celotex,* 477 U.S. at 322, 106 S.Ct. 2548.

At the summary judgment stage, this court may not make credibility determinations or weigh conflicting evidence. *Musick v. Burke,* 913 F.2d 1390, 1394 (9th Cir.1990). The standard for determining a motion for summary judgment is the same standard used to determine a motion for directed verdict: whether the evidence presents a sufficient disagreement to require submission to a jury, or it is so one-sided that one party must prevail as a matter of law. *Id.* (citation omitted).

## DISCUSSION

■ Plaintiff's claims against Defendants are brought pursuant to 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of [law], subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. Thus, the essential elements to be proved in any § 1983 action are: (1) that the defendant was acting under color of state law in the actions complained of, and (2) that the defendant deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States. *Briley v. State of California,* 564 F.2d 849, 853 (9th Cir. 1977).

I. *Defendant Paul Bugado's Motion for Summary Judgment is DENIED, because material issues of fact remain as to whether the handcuffing of Plaintiff was reasonable.*

Defendant Paul Bugado asserts that Plaintiff's claims against him must be dismissed, because as a police officer he is entitled to qualified immunity. Government officials performing discretionary functions are granted qualified immunity from civil liability for actions performed in the course of their official duties, "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Houghton v. South*, 965 F.2d 1532, 1534 (9th Cir.1992).

The United States Supreme Court has explicitly established a framework for lower courts to follow when addressing claims of qualified immunity. First, the court must reach this threshold question: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). The Supreme Court emphasized that this inquiry must occur first, because "[i]n the course of determining whether a constitutional right was violated on the premises alleged, a court might find it necessary to set forth principles which will become the basis for a holding that a right is clearly established." *Id.*

If in answering this question the court determines that the plaintiff has alleged a colorable claim for the violation of a constitutional right, the second step is to determine whether this right was "clearly established." *Id.* The phrase "clearly established" has been defined by the Supreme Court to mean that "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.* However, whether or not a right is clearly established cannot be decided as a general proposition; rather, the court must determine whether, in the specific context of the case, a reasonable officer would have known his conduct was unlawful in the situation he confronted. *Id.* Both the Supreme Court and the Ninth Circuit have clarified, however, that while this standard requires more than the "violation of extremely abstract rights," the officer's conduct need not have been previously held unlawful by the courts. *Anderson v. Creighton*, 483 U.S. 635, 639–640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987); *Houghton*, 965 F.2d at 1534. Rather, the fact that such conduct violated the right need only have been "apparent in light of preexisting law." *Houghton*, 965 F.2d at 1534.

The plaintiff bears the initial burden of proving that the rights allegedly violated by the defendant were clearly established at the time of the alleged violation. *Davis v. Scherer*, 468 U.S. 183, 197, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984); *Houghton*, 965 F.2d at 1534; *Baker v. Racansky*, 887 F.2d 183, 186 (9th Cir. 1989). The defendant then carries the burden of proving that his conduct was reasonable under the applicable standards even though it might have violated the plaintiff's constitutional rights. *Houghton*, 965 F.2d at 1534; *Benigni v. City of Hemet*, 879 F.2d 473, 480 (9th Cir.1988).

Plaintiff's Section 1983 claim against Defendant Bugado is premised on the assertion that Bugado used excessive force during Plaintiff's arrest, resulting in a violation of Plaintiff's Fourth Amendment rights. "Under the Fourth Amendment, police may use only such force as is objectively reasonable under the circumstances." *Graham v. Connor*, 490 U.S.

386, 397, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). The reasonableness of a particular use of force depends on the facts and circumstances of each particular case. *Hansen v. Black,* 885 F.2d 642, 645 (9th Cir.1989). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Id.* (citing *Graham v. Connor,* 490 U.S. 386, 396–97, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)).

The Ninth Circuit has explained that the inquiry as to whether officers are entitled to qualified immunity for the use of excessive force is the same as the inquiry on the merits of the excessive force claim. *Alexander v. County of Los Angeles,* 64 F.3d 1315, 1322 (9th Cir.1995) (citing *Scott v. Henrich,* 39 F.3d 912, 914 (9th Cir.1994), *cert. denied,* 515 U.S. 1159, 115 S.Ct. 2612, 132 L.Ed.2d 855 (1995)). The court held that although reasonableness is normally a jury question, "defendants can still win on summary judgment if the district court concludes after resolving all facts in favor of the plaintiff, that the officer's use of force was objectively reasonable under the circumstances." *Id.; see also Graham,* 490 U.S. at 396–97, 109 S.Ct. 1865.

This Court is guided by the reasoning and inclinations shown by the Ninth Circuit in its treatment of factually similar cases; such decisions evidence a tendency of the court when confronted with analogous factual scenarios to find the existence of material issues of fact, precluding summary judgment on qualified immunity grounds. *See Meredith v. Erath,* 342 F.3d 1057 (9th Cir.2003) (affirming denial of summary judgment on grounds of qualified immunity where plaintiff alleged she was kept handcuffed for 40 minutes despite complaints that her handcuffs were too

tight); *Lalonde v. County of Riverside,* 204 F.3d 947 (9th Cir.2000) (reversing judgment as a matter of law in favor of police officers where plaintiff alleged that officers handcuffed him too tightly and did not loosen the handcuffs when he complained); *Palmer v. Sanderson,* 9 F.3d 1433, 1436 (9th Cir.1993) (finding defendants were not entitled to qualified immunity where the plaintiff, an elderly man, alleged that defendant fastened plaintiff's handcuffs too tightly around his wrists, despite plaintiff's complaints, resulting in pain and long-lasting bruises); *Alexander v. County of Los Angeles,* 64 F.3d 1315 (9th Cir.1995) (reversing summary judgment in favor of police officers on grounds of qualified immunity where plaintiff, a robbery suspect, alleged that officers handcuffed him for 45 minutes to an hour, during which time plaintiff repeatedly asked that the handcuffs be removed or loosened because he was a dialysis patient, and plaintiff's handcuffs were loosened only after his hands began to appear swollen and blue);

In the instant case, Plaintiff alleges the following facts: Plaintiff repeatedly informed Defendant Bugado that he had undergone surgery for his shoulder injury that precluded him from placing his hands behind his back; Plaintiff repeatedly informed Defendant that handcuffing him with his hands behind his back would result in injury to Plaintiff; Plaintiff repeatedly asked to be handcuffed with his hands in front of him; and Defendant Bugado did not respond to these requests, but instead handcuffed him with his hands behind his back. Further, there is no evidence in the record to suggest the Plaintiff, although causing a verbal disturbance, was acting in an aggressive or violent manner or that the Defendant officer perceived him as a physical threat to himself or others. Taking the facts in the light most favorable to Plaintiff, the Court

must find that material issues of fact remain as to whether Officer Bugado's conduct was reasonable under the circumstances. Thus, as to Defendant Bugado's argument that qualified immunity applies, Defendant's Motion for Summary Judgment is DENIED.

II. *Defendant County of Hawaii's Motion for Summary Judgment is DENIED WITHOUT PREJU- DICE, because the Court grants Plaintiff's request for a continuance pursuant to Federal Rule of Civil Procedure 54(f).*

 The United States Supreme Court has made clear that a municipality can be found liable under § 1983 for violations by its employees, but only in limited circumstances. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). *Respondeat superior* or vicarious liability alone will not suffice to create liability under § 1983. *Id.*, at 694–695, 98 S.Ct. 2018. "It is only when the 'execution of the government's policy or custom ... inflicts the injury' that the municipality may be held liable under § 1983." *Springfield v. Kibbe*, 480 U.S. 257, 267, 107 S.Ct. 1114, 94 L.Ed.2d 293 (quoting *Monell*, 436 U.S. at 694, 98 S.Ct. 2018). The test announced by the court for determining whether a municipality may be held liable for the inadequate training or supervision of its police officers revolves around "deliberate indifference." Only where the failure to train or supervise amounts to a deliberate indifference to the rights of persons with whom the police come into contact may the inadequacy of police training or supervision serve as the basis for a § 1983 claim. *City of Canton Ohio v. Harris*, 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). Moreover, a Plaintiff alleging municipal liability under § 1983 must show there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Id.* at 385, 109 S.Ct. 1197. The Ninth Circuit has held that a claim under *Monell* may still be pursued against a municipality even after an individual officer is found to be shielded by qualified immunity. *Palmerin v. City of Riverside*, 794 F.2d 1409, 1414–1415 (9th Cir.1986).

 In the instant case, Plaintiff asserts broadly that Defendant County of Hawaii is liable for violations of Plaintiff's constitutional rights under 42 U.S.C. § 1983 for failing and/or refusing to "properly train, supervise, and/or discipline Defendant Bugado ...." (Compl. at ¶ 27.) However, Plaintiff does not provide any specific allegations or facts that would support a claim that the County was deliberately indifferent to the rights of citizens in failing to train or supervise its police officers such that liability arose under § 1983. *See City of Canton Ohio v. Harris*, 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).

 Generally, when a plaintiff fails to respond to a motion for summary judgment with sufficient evidence to support his or her claims, that plaintiff has failed to meet its burden of showing the existence of a genuine issue of material fact, and therefore summary judgment will be granted to the defendant. *T.W. Elec. Service*, 809 F.2d at 630. However, despite the rule that "summary judgment must be granted 'forthwith'" following the plaintiff's failure to meet this burden, an exception exists where "the court determines that further time for discovery should be allowed." *Id.* Federal Rule of Civil Procedure 56 states:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may or-

der a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed.R.Civ.P. 56(f).

Plaintiff asserts that he served upon Defendant County of Hawaii his first request for production of documents on April 29, 2005. The request sought, among other documents "[t]he personnel files for all of the police officers who participated in any of the events set forth in the Plaintiff's Complaint for Damages herein including, but not limited to, any complaints, disciplinary actions, and internal affairs records" and "any and all files, records, complaints, correspondence, memoranda, documents of the County of Hawaii Police Commission pertaining to any of the police officer who participated in any of they events set forth in the Plaintiff's Complaint for Damages herein[.]" Plaintiff asserts that Defendant County of Hawaii's response, which it provided on May 26, 2005, failed to contain any documents responsive to these requests. Therefore, Plaintiff argues that further time for discovery is warranted before a summary judgment inquiry is appropriate.

Defendant County of Hawaii counters that Plaintiff should not be permitted additional time for discovery, because Plaintiff could have served their first request for production of documents earlier. Additionally, Defendant argues that Plaintiff already possessed sufficient materials to adequately prepare an opposition memorandum.

The discovery deadline in this case was extended by stipulation and is currently set for July 8, 2005.

Having considered the aforementioned arguments, the Court concludes that the interests of justice are best served by ensuring an adequate time for discovery has elapsed before the Court considers Defendant's motion for summary judgment. Indeed, the period of time allotted for discovery in this case pursuant to the scheduling order and the parties' stipulation has not even elapsed. Therefore, because the Court finds that additional discovery is essential in order for the parties to fairly and adequately litigate the issues raised by Defendant's motion for summary judgment, the Court hereby DENIES WITHOUT PREJUDICE Defendant County of Hawaii's motion for summary judgment, with the understanding that Defendant may refile its motion after an adequate period of discovery has elapsed. The Court finds that denying the motion preliminarily and allowing Defendant to refile the motion after additional discovery has occurred will best serve the interests of justice and all parties, because, given the case's stage in the discovery process, both Plaintiff's and Defendant's arguments may be significantly impacted by the discovery of additional information.

## CONCLUSION

For the reasons stated above, the Court DENIES WITHOUT PREJUDICE Defendant County of Hawaii's Motion for Summary Judgment, and DENIES Defendant Paul Bugado's Motion for Summary Judgment.

IT IS SO ORDERED.