NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALFREDO MENDOZA AGUILAR, also known as Ruben Martinez, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> THE COUNTY OF ORANGE; et al., <br><br> Defendants - Appellees, | No. 08-55368 <br><br> D.C. No. 8:05-cv-01277-DOC-RNB <br><br> MEMORANDUM [*] |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted January 15, 2010
Pasadena, California

Before: GOODWIN, SCHROEDER and FISHER, Circuit Judges.

Alfredo Mendoza Aguilar appeals summary judgment in favor of Orange

County, Sheriff Michael Carona, and Captain Brian Wilkerson, and the denial of

his motion to amend his complaint to add individual deputies, whom he alleges

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

assaulted him during a contraband sweep at Theo Lacy Detention Center. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Aguilar, represented by counsel, had been given the names of the individual deputies who allegedly assaulted him well before the deadline to move to join parties and amend pleadings under the district court's scheduling order. His untimely motion to amend his complaint was not supported by "good cause" to permit amending his complaint. Fed. R. Civ. P. 16(b)(4); *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 952 (9th Cir. 2006). The district court did not abuse its discretion in denying Aguilar's motion to amend his complaint. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000).

To show liability against a governmental entity, Aguilar was required to establish that his alleged unconstitutional injuries resulted from a policy or practice that is "persistent and widespread," as well as "so permanent and well settled as to constitute a 'custom or usage' with the force of law." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (citation and internal quotation marks omitted). Aguilar presented no proof that the five uncorroborated complaints he provided were anything but "random acts or isolated events[, which] are insufficient to establish custom." *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1444 (9th Cir. 1989). Our de novo review shows that Aguilar has failed to demonstrate a

2

genuine issue of material fact as to whether Orange County maintains an

unconstitutional policy or practice that caused his injuries. Fed. R. Civ. P. 56(c);

*Lassiter v. City of Bremerton*, 556 F.3d 1049, 1055 (9th Cir. 2009).

Aguilar also failed to establish supervisory liability for defendants Carona

and Wilkerson, because he has not shown (1) that they were personally involved in

the alleged constitutional violation or (2) that a "sufficient causal connection"

exists between these supervisors' alleged wrongful conduct and a constitutional

violation. *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989). Because there is no

evidence that the supervisory defendants were involved in Aguilar's medical care,

he has not established their "deliberate indifference" to his medical needs. *Estelle*

*v. Gamble*, 429 U.S. 97, 105 (1976); *see Redman v. County of San Diego*, 942 F.2d

1435, 1442 (9th Cir. 1991) (en banc) (noting that attending to inmates' medical

needs coexists with officials' maintaining order in an incarceration facility).

**AFFIRMED.**