**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GUADALUPE MARTINEZ-RODRIGUEZ,<br><br>        Plaintiff - Appellee,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant,<br><br> and<br><br>KEVIN WETTELAND, in his official and individual capacities,<br><br>        Defendant - Appellant. | No. 09-35386<br><br>D.C. No. 2:08-cv-00265-JLR<br><br>MEMORANDUM [*] |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding
Submitted April 9, 2010[**]
Seattle, Washington

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: GOODWIN, HAWKINS and N.R. SMITH, Circuit Judges.

Kevin Wetteland, a DEA agent, appeals denials of his renewed summary judgment motion for qualified immunity and motion for reconsideration. Because Guadalupe Martinez-Rodriguez did not resist arrest, flee, or understand English, the district court determined that Wetteland used excessive force in violation of the Fourth Amendment in breaking three of Martinez-Rodriguez's fingers while arresting him. We have jurisdiction of this appealable interlocutory order under 28 U.S.C. § 1291 and *Mitchell v. Forsyth*, 472 U.S. 511, 525-27 (1985).

In our de novo review of the denial of summary judgment for qualified immunity, we review genuine issues of material fact from the evidence and all justifiable inferences in favor of the plaintiff. *Crowe v. County of San Diego*, 593 F.3d 841, 862 (9th Cir. 2010). An officer is entitled to qualified immunity if, (1) in the light most favorable to the injured party, the alleged facts "show the officer's conduct violated a constitutional right," and (2) the right violated was clearly established, making it "clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Davis v. City of Las Vegas*, 478 F.3d 1048, 1053 (9th Cir. 2007) (quoting *Saucier v. Katz*, 533 U.S. 194, 201, 202 (2001), *overruled on other grounds by Pearson v. Callahan*, 129 S. Ct. 808 (2009)) (internal quotation marks omitted).

2

In analyzing a Fourth Amendment claim of excessive force in making an arrest, we use the objective-reasonableness test of *Graham v. Connor*, 490 U.S. 386, 396-97 (1989). The factors evaluated in assessing the government interests are "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396. Martinez-Rodriguez was arrested following a controlled sale of a pound of methamphetamine to a Cooperating Source. He posed no danger to the officers or others, and he did not resist or attempt to flee. The district court correctly determined that whether Wetteland used excessive force in violation of the Fourth Amendment in arresting Martinez-Rodriguez and breaking his fingers was a triable question of fact. To the extent that Wetteland's relation of the facts differs from that of Martinez-Rodriguez, the court appropriately accepted the version of the nonmoving party.

To determine if the Fourth Amendment, excessive-force arrest law was clearly established at the time of Martinez-Rodriguez's arrest, we determine whether the law at that time gave "fair warning" that the force used by Wetteland in arresting Martinez-Rodriguez was excessive. *Hope v. Pelzer*, 536 U.S. 730, 741 (2002). Because the roughness Wetteland used in arresting Martinez-Rodriguez was more egregious than the excessive-force arrest cases in this circuit at the time

3

it occurred, Wetteland had notice that his conduct violated clearly established law. *See, e.g., Palmer v. Sanderson*, 9 F.3d 1433, 1436 (9th Cir. 1993) (denying qualified immunity and holding that "abusive application of handcuffs," causing pain and bruising was unconstitutional and recognizing that "the use of excessive force by officers in effecting an arrest was clearly proscribed by the Fourth Amendment at least as early as 1985"); *Hansen v. Black*, 885 F.2d 642, 645 (9th Cir. 1989) (reversing grant of summary judgment to officers who injured arrestee's wrist and arm as they handcuffed her).

**AFFIRMED.**