•NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DARRYL DUNSMORE, | No. 12-56714 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-07141-DOC-JCG |
| v. | |
| BRENDA M. CASH, Warden; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted November 19, 2013[**]

Before:     CANBY, TROTT, and THOMAS, Circuit Judges.

California state prisoner Darryl Dunsmore appeals pro se from the district court's judgment dismissing Dunsmore's action brought under 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

§§ 1915A and 1915(e)(2)(B)(ii). *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

The district court properly dismissed Dunsmore's constitutional claims because Dunsmore failed to allege sufficient facts linking defendants to any alleged violations, despite the court giving Dunsmore notice of this deficiency and leave to amend. *See Ortez v. Washington County, Or.*, 88 F.3d 804, 809 (9th Cir. 1996) (dismissal of claims proper where plaintiff failed to allege that defendant "knew of or participated in activities connected to the alleged § 1983 violation"); *see also Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (to state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation).

The district court properly dismissed Dunsmore's claim that prison officials violated the ADA because Dunsmore failed to allege facts sufficient to show that prison officials discriminated against him "solely by reason of disability." *Lee v. City of Los Angeles*, 250 F.3d 668, 691 (9th Cir. 2001) (citation and internal

quotation marks omitted); *see also Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1022 (9th Cir. 2010) ("The ADA prohibits discrimination because of disability, not inadequate treatment for disability.").

The district court did not abuse its discretion in denying Dunsmore's motions for appointment of counsel because Dunsmore failed to establish exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (providing standard of review and requirements for appointment of counsel).

Dunsmore's motion to file an oversized brief is denied as unnecessary because the opening brief is not oversized. All other pending motions are denied.

**AFFIRMED.**