**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MAURICE P. OLIVIER, AKA Maurice Pierre Olivier, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> L. E. SCRIBNER, Warden; et al., <br><br> Defendants - Appellees. | No. 12-56718 <br><br> D.C. No. 3:11-cv-01447-MMA-RBB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Argued and Submitted December 10, 2014
Pasadena, California

Before: PREGERSON, NOONAN, and WARDLAW, Circuit Judges.

Maurice Olivier appeals the district court's order dismissing his claims

under 42 U.S.C. § 1983 against various employees at Calipatria State Prison

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

("CSP"), where Olivier was incarcerated. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand.

Reviewing de novo and liberally construing Olivier's pro se complaint, *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010), we conclude that Olivier alleged facts sufficient to state plausible Eighth Amendment claims based on deprivation of outdoor exercise time, constant illumination in his prison cell, and lack of attention to his medical needs.[1]

1. CSP's prior warden, Scribner, allegedly deprived Olivier of outdoor exercise for 73 days by ordering a prison-wide lockdown, thereby creating a "sufficiently serious" threat to his health to satisfy the objective prong of an Eighth Amendment § 1983 claim. *Thomas v. Ponder*, 611 F.3d 1144, 1151 (9th Cir. 2010). Sribner allegedly ordered the lockdown in his capacity as warden. We have held that the risk created by depriving inmates of outdoor exercise is obvious to a prison warden as a matter of law. *Id.* Scribner allegedly had no reasonable

---

[1] The operative complaint referenced but did not independently include certain documents that were filed with earlier, superseded pleadings. Because Olivier is a pro se plaintiff, and because these documents were cross-referenced in the operative complaint, we consider these documents as incorporated into the operative complaint. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

justification for ordering the lockdown. Therefore, Olivier alleged sufficient facts to state a claim of deliberate indifference. *Id.* at 1150-51.

2. CSP's next warden, McEwan, allegedly deprived Olivier of outdoor exercise time for sixteen consecutive weeks by failing to execute Olivier's transfer to a cooler climate, thus requiring Olivier to remain indoors to avoid heat-related medical problems, and creating a "sufficiently serious" threat to his health to satisfy the objective prong of an Eighth Amendment § 1983 claim. *Id.* Further, liberally construing Olivier's complaint, McEwan personally reviewed an appeal regarding noncompliance with the transfer order, which would have informed McEwan that further delays in the transfer would negatively affect Olivier's health, yet the delay continued without justification. *See id.* Olivier's complaint also alleges "a sufficient causal connection between [McEwan's] wrongful conduct"—i.e., failing to remedy noncompliance with a medically-necessary transfer—"and the constitutional violation"—i.e., depriving Olivier of outdoor exercise time for months—to hold McEwan liable as a supervisor. *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).[2]

_____

[2] We affirm the district court's dismissal of Olivier's outdoor exercise claims against Defendant Small because Olivier did not appeal that aspect of the district court's order.

3. Olivier allegedly suffered health problems as a result of the constant illumination in his cell, which can be sufficiently serious to support an Eighth Amendment § 1983 claim. *Keenan v. Hall*, 83 F.3d 1083, 1090-91 (9th Cir. 1996). Whether the illumination complained of in a particular case is unconstitutional is a fact-intensive question, *see Chappell v. Mandeville*, 706 F.3d 1052, 1058-59 (9th Cir. 2013), but the district court erred in dismissing Olivier's complaint at the pleading stage for failing to specifically allege facts regarding the brightness and intensity of the lighting in his cell. Allegations that the lights were bright enough to cause health problems were sufficient to support an inference that the illumination was unconstitutional. Olivier also alleged that Chief Deputy Warden Ochoa and Correctional Counselors Goins and Miller were informed, through various complaints, that Olivier's cell was constantly illuminated, and we can fairly infer that all three defendants knew Olivier was suffering adverse health consequences as a result.[3] Thus, Olivier plausibly alleged deliberate indifference by each of these three CSP defendants, who allegedly failed to address the

---

[3] Olivier allegedly informed Goins and Miller directly that the constant illumination was causing health problems. If true, this supports a claim of deliberate indifference. None of the documents Ochoa allegedly reviewed prove that he was directly informed of the harm allegedly caused by the constant illumination, but this is a sufficiency of the evidence issue that cannot be resolved at the pleading stage.

illumination problem without reasonable justification. *See Thomas*, 611 F.3d at 1150-51.

4. Olivier allegedly informed Physician Assistant Peters and Doctor Chau that lack of exercise and constant illumination were causing Olivier to experience health problems. He further alleges that Peters and Chau refused to provide a sleep mask or medication pursuant to a blanket CSP policy against providing these sleep aides. If proven, these allegations would establish a § 1983 claim: Olivier's "serious medical need" was not being addressed due to a prison policy, not sound medical judgment, and Peters and Chau acted with deliberate indifference by purposefully failing to respond to this need. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotation marks omitted). Accordingly, the district court also erred in dismissing Olivier's claims against Chief Medical Officer Ball and Chief Physician Hjerpe, who learned of their subordinates' alleged failure to tend to Olivier's medical needs when they reviewed his appeals but did not remedy

the problem.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).[4]

**AFFIRMED in part; REVERSED in part; and REMANDED.**[5]

<hr />

[4] The district court dismissed Olivier's complaint without addressing the issue of qualified immunity.  We leave consideration of that issue to the district court in the first instance.  *See Grenning v. Miller-Stout*, 739 F.3d 1235, 1241 (9th Cir. 2014).

[5] Defendants' request to revoke Olivier's pauper status is moot because Olivier paid all required fees.