**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IVAN KILGORE,<br><br>                Plaintiff - Appellant,<br><br>  v.<br><br>KAREN KELLY; JAGDEEP BAL; JAMES R. WEDELL; GABRIEL S. BORGES; MARCUS WINTON; GLORIA FORSHAY; NANCY DUNN; GREGORY HAMPTON,<br><br>                Defendants - Appellees. | No. 14-16023<br><br>D.C. No. 2:07-cv-02485-TLN-KJN<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted October 13, 2015[**]
San Francisco, California

Before: THOMAS, Chief Judge and HAWKINS and McKEOWN, Circuit Judges.

---

       [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

       [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Ivan Kilgore, a California state prisoner, appeals pro se from the district court's order granting summary judgment in his 42 U.S.C. § 1983 action. Kilgore alleged that eight named defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment because Kilgore did not raise a genuine issue of material fact as to whether any of the defendants were deliberately indifferent in treating an inverted papilloma in his right nostril. *See id.* at 1058 (prison officials act with deliberate indifference only if they know of and disregard an excessive risk to a prisoner's health). Although Kilgore disagreed with the length and course of treatment prescribed by his doctors, a difference of opinion about treatment options does not amount to an Eighth Amendment violation. *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). Notably, Kilgore's prison doctors referred him to ear-and-throat specialists at the University of California – Davis. Any delay in treatment was not caused by deliberate indifference but was due at least in part to the hospital's internal scheduling practices. Kilgore continued to meet regularly with prison doctors throughout the time period at issue.

The district court properly granted summary judgment on Kilgore's other claims, as well. Kilgore raised no genuine issue of material fact as to whether defendant Kelly either knew of a constitutional violation and failed to prevent it, *see Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989), or implemented a policy that was "the moving force" behind a constitutional violation, *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (quoting *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987)). Nor did Kilgore raise a genuine issue of material fact as to whether other prison officials acted with deliberate indifference when they administered Kilgore's post-surgery prescriptions and pain medications. *See Toguchi*, 391 F.3d at 1057.

We deny Winton's motion to strike Kilgore's reply as untimely. We deny Kilgore's request for appointment of counsel and a medical expert. *See, e.g.*, *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth "exceptional circumstances" requirement for appointment of counsel). We are unpersuaded by Kilgore's remaining contentions.

**AFFIRMED.**