**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

JAN 23 2018

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| KELVIN ALLEN, | No. 17-15568 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-04109-JST |
| v. | |
| E. BIRDSONG, M.D.; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Submitted January 16, 2018**

Before: REINHARDT, TROTT, and HURWITZ, Circuit Judges.

Kelvin Allen, a California state prisoner, appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs. We have jurisdiction under 28 U.S.C.

§ 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

2004), and we affirm.

The district court properly granted summary judgment because Allen failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent in treating Allen's back problems. See *id*. at 1057-60 (a prison official acts with deliberate indifference only if he or she knows of and disregards an excessive risk to the prisoner's health; a mere difference in medical opinion, or even medical negligence, is insufficient to establish deliberate indifference); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) ("Supervisory liability exists . . . if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in denying Allen's motion to appoint counsel because Allen did not demonstrate exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (setting forth standard of review and requirements for appointment of counsel).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider matters not properly presented to the district court. *See Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1080 (9th Cir. 2008) (explaining that where "the complaint does not include the necessary factual

allegations to state a claim, raising such claim in a summary judgment motion is insufficient to present the claim to the district court").

    **AFFIRMED.**